# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

LEN STOLER, INC.  d/b/a LEN STOLER  )
AUDI,  )
  )
    Plaintiff,  )
  ) Case No. 1:15CV1659-TSE/JFA
    *v.*  )
  )
VOLKSWAGEN GROUP OF AMERICA, INC. )
d/b/a AUDI OF AMERICA, INC.,  )
  )
    Defendant.  )

## DEFENDANT AOA'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF LEN STOLER, INC.'S AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a) and 15(d), Defendant Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. ("AoA") seeks leave to amend its affirmative defenses and to file two counterclaims against Plaintiff Len Stoler, Inc. d/b/a Len Stoler Audi ("Len Stoler").  The proposed amended pleading is attached as **Exhibit A** to this Motion.  A redline showing the proposed changes is attached as **Exhibit B** to this Motion.

The Motion should be granted for the reasons set forth below.

## BACKGROUND

1. Len Stoler filed this lawsuit on December 17, 2015, and filed an amended complaint on March 22, 2016.  Because both parties initially believed that a prompt settlement was possible, the parties requested that the litigation be stayed.  The Court subsequently stayed the case from March 25 to May 13, 2016.  After the stay was lifted, AoA filed its answer on May 20, 2016.

2. On June 22, 2016, the Court, acting through Magistrate Judge Anderson, held a settlement conference.  Prior to the mediation, AoA apprised both Len Stoler and the Court that

AoA was exploring whether to seek leave to add counterclaims in the event the settlement conference did not result in a settlement.   The settlement conference did not result in a settlement.

3.      Following the settlement conference, the parties for the first time issued discovery and AoA noticed depositions.  (As of this date, Len Stoler has not yet noticed any depositions.)  Len Stoler issued its first discovery last week on June 29, 2016.  In other words, the parties have been engaged in active discovery in this lawsuit for less than two weeks.

4.      AoA's proposed pleading would add affirmative defenses and two new counterclaims.  The new counterclaims consist of (1) a permissive counterclaim that relates to monies that Len Stoler owes AoA following the sale of its Audi franchise and (2) a compulsory counterclaim arising out of an agreement—the Facility Agreement—that is already a principal component of Len Stoler's claims against AoA.  In particular, the Facility Agreement contains a covenant not to sue AoA on claims that AoA ceased paying Len Stoler certain bonus monies.

5.      Prior to filing this Motion, Counsel for AoA contacted counsel for Len Stoler to seek the latter's consent.  Counsel for Len Stoler stated that Len Stoler was not in principle opposed to the relief that AoA seeks so long as a modest discovery extension is also granted. Although AoA's position is that such an extension would not be necessitated by the amended pleadings that AoA seeks to file, AoA also would not oppose a modest discovery extension in this case.

## **LEGAL STANDARD**

6.      The Federal Rules of Civil Procedure favor liberal amendments to (and supplementation of) pleadings.   Although leave of Court is required if (post-answer) the opposing party does not consent to amended or supplemental pleadings, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

7.    The Fourth Circuit has directed that leave to amend "shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000); *see also Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (listing the foregoing grounds for denial of leave as well as "undue delay"). These standards govern both amendments to AoA's originally filed answer and its request to file new counterclaims. *See* 2009 Advisory Committee Note to Fed. R. Civ. P. 13; *see also Heinz v. Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 665 (E.D. Va. 2010) (standard for supplemental pleading is "nearly identical" to standard for leave to amend).

8.    As this Court has noted, it "apodictic that amendments to complaints are to be freely allowed." *Harrison v. Watts*, 609 F. Supp. 2d 561, 571 (E.D. Va. 2009) (denying leave where a plaintiff tried to introduce a new theory at a late stage of litigation, which was "tantamount to a complete rewriting" of positions previously espoused to the court).

## ARGUMENT

9.    Leave should be granted here for three principal reasons.

10.    *First*, there has been neither undue delay nor bad faith on the part of AoA. To the contrary, the relatively brief delay in seeking leave to file a counterclaim (it has been just 49 days since AoA filed its answer) was chiefly a result of the parties' good-faith focus on early settlement. As a result of those good-faith settlement efforts, this case has been in active litigation for roughly two weeks. AoA is working diligently to litigate this matter, and this is the first time that AoA has sought to amend its pleadings. *See Smallwood v. United Air Lines, Inc.*, 661 F.2d 303, 306 (4th Cir. 1981) (trial court appropriately allowed amended answer 50 days after initial answer); *Perry v. Am. Airlines, Inc.*, 405 F. Supp. 2d 700, 705-06 (E.D. Va. 2005) (allowing amendment even though litigation had been pending for more than 24 months

where preliminary issues focused on venue and amending party sought leave within one month of transfer); *cf. Glaser*, 464 F.3d at 480 (denial of leave appropriate where plaintiff had already been permitted four amendments).

11.     *Second*, there will be no undue prejudice to Len Stoler as a result of the proposed pleading.   Discovery has only recently commenced, Len Stoler issued its first discovery just nine days ago, and very little discovery (if any) will be needed on AoA's counterclaims in any event.   AoA's compulsory Facility Agreement counterclaim is likely to be resolved as a matter of law.   AoA's permissive counterclaim related to monies that Len Stoler owes AoA merely seeks recovery on a parts account on which Len Stoler is delinquent—little if any discovery will be needed on this claim.   Put another way, because the case is "at an early stage in the litigation process . . . [The proposed pleading] does not require [Len Stoler] to expend substantial, if any, resources for additional discovery, and does not otherwise undercut [Len Stoler's] ability to prepare an appropriate defense" to AoA's claims, it is appropriate to grant leave in this case.   *Heinz Kettler*, 750 F. Supp. 2d at 665.

12.     *Third*, absent leave to file counterclaims, AoA would likely be denied (forever) the ability to bring its compulsory counterclaim under the Facility Agreement.   The counterclaim would likely be susceptible to a *res judicata* defense.   When compulsory counterclaims would be lost absent leave to amend, the Fourth Circuit has held that a "[m]ere delay in seeking leave is not a sufficient basis upon which a district court may rest its denial of" a motion to add compulsory counterclaims.   *Barnes Grp., Inc. v. C & C Prods., Inc.*, 716 F.2d 1023, 1035 n.35 (4th Cir. 1983) ("It is apparent that leave to amend to include compulsory counterclaims, such as the one at issue, should be granted freely lest parties later be met with a plea of res judicata.").   And because the equities, *see id.*, do not demand a contrary result, amendment should be permitted here.

13.     In sum, leave to file amended pleadings should be granted, because AoA's Motion has been brought in good faith, there has been no undue delay, Len Stoler would suffer no prejudice, and—as to AoA's compulsory counterclaim—AoA could face significant prejudice if leave is not granted.

For the foregoing reasons, AoA respectfully requests that the Motion be granted.

Dated:          July 8, 2016                    Respectfully submitted,

Richard Mark Dare (VSB No. 14146)
ISLERDARE PC
1945 Old Gallows road, Suite 650
Tysons Corner
Vienna, Virginia  22182
T: (703) 748-2690
F: (703) 748-2695
mdare@islerdare.com

James R. Vogler (admitted *pro hac vice*)
Daniel R. Fine (admitted *pro hac vice*)
Jack O. Snyder, Jr. *(admitted pro hac vice)*
BARAK FERRAZZANO
   KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinios 60606
T: (312) 984-3100
F: (312) 984-3150
Jim.volger@bfkn.com
Dan.fine@bfkn.com
Jack.snyder@bfkn.com

*Counsel for Defendant Volkswagen Group of America d/b/a Audi of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2016, I served a true and accurate copy of the foregoing by filing it electronically with the Clerk of the Court using CM/ECF system, which will send a notification of such filing (NEF) to the following:

Barbara S. Wahl, Esq.
Arent Fox LLP
1717 K Street, N.W.
Washington, DC  20006
Barbara.wahl@arentfox.com

Russell P. McRory, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019
Russell.mcrory@arentfox.com

Sean Nicholas Clerget, Esq.
Arent Fox LLP
1717 K Street NW
Washington, DC 20036-5344
sean.clerget@arentfox.com

_____/s/_____
R. Mark Dare, Va. Bar No. 14146
ISLERDARE PC
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
(703) 748-2690
(703) 748-2695 (fax)
mdare@islerdare.com
*Counsel for Defendant*
*Volkswagen Group of America, Inc.*
*d/b/a Audi of America, Inc.*