**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| LEN STOLER, INC. d/b/a LEN STOLER AUDI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:15CV1659-TSE/JFA ) ) |
| VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC., | ) ) ) |
| Defendant. | ) ) |

## STIPULATED PROTECTIVE ORDER

The parties hereby stipulate to the entry of this Protective Order ("Order") regarding the pre-trial production, use and disposition of confidential documents and information in the above-entitled action.

**1.    Designated Material**

Any party to this action and/or third-party providing information and/or any witness may designate any non-public documents or other information produced in this action that comprises or contains information that the producing party or witness believes in good faith to constitute trade secret or other sensitive, non-public business or personal information. Such information may include, but is not limited to, information regarding advertising or marketing strategies, financial information, sales data, financial statements, bank statements, ledgers, capital expenditures, tax returns, business plans, *pro formas,* business prospectuses or other projections, customer information, and personnel information. Such information may be designated under this Order as "CONFIDENTIAL" or, if the producing party or witness believes in good faith that disclosure would result in competitive injury or security risk, "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," either of which is hereinafter referred to as "Designated Material."

It is expressly understood and agreed that the designation "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" is primarily intended to prevent the disclosure of sensitive financial
and customer information relating to any dealership to competing dealers and that the designation
therefore shall be presumptively limited to sensitive financial and customer information relating to
dealerships, including financial data relating to any such dealership's financial condition,
profitability, and/or profit margin and the name, address, or any other identifying information
concerning a dealership's existing, past or prospective customers.

The parties may agree to add additional categories of Designated Material from time to time
as necessary and as mutually agreed.  If the parties cannot resolve the issue of whether this
Protective Order should be amended to include the proposed new category of Designated Material,
the dispute may be submitted to the Court by motion or otherwise.  Parties should produce
documents subject to a dispute over a new category of Designated Material as "HIGHLY
CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the parties agree to, or the Court orders,
a different resolution.

This Order shall not constitute a waiver of, or otherwise impair, any party's right to raise
any proper discovery objection other than confidentiality as pertains to this Order.  This Order shall
not constitute a waiver of any party's right to object to another party's designation of information
as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in
accordance with the procedure set forth in Paragraph 13 of this Order.

**2.**      **Marking and Deposition Procedures**

The designation of any document or other tangible thing as "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be made by placing an
appropriate legend on each page of the document or on the cover or in a prominent place on any
other tangible thing prior to production of the document or tangible or by notifying all other parties

2

in writing, either before or after production, that certain documents (identified by Bates number) are either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," provided, however, that any party that distributes any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" prior to the producing party making such designation shall not be in violation of this Protective Order or otherwise. Inadvertent failure to make a designation may be corrected by supplemental written notice given as soon as practicable. Deposition transcripts or portions thereof may be designated as confidential by a party or third-party witness either (a) before the testimony is taken, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by the reporter, as the designating party may direct; or (b) by written notice to the reporter and all counsel of record, given within seven (7) business days after the reporter sends written notice to the party, third-party objecting party or its counsel that the final transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their or their clients' possession or control as directed by the designating party or witness. Rough transcripts provided by the court report shall not trigger the seven (7) business day period; notwithstanding the foregoing, either party may but need not designate a rough transcript or portion(s) thereof as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Pending expiration of the seven (7) business days, all parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY." All

persons present at a deposition involving Designated Material are enjoined from disclosing any part of the testimony pertaining to Designated Material except as provided in this Order.

### 3.   Restriction on Disclosure and Use

No use or disclosure of Designated Material or information derived from such material (excluding information lawfully derived from an independent source) is permitted except for purposes of this action and as set forth in this or any further order of the Court; however, nothing in this Order shall affect the right of a party or other witness to use or disclose its own Designated Material as it sees fit.  In addition, and without limiting the foregoing, except as provided in Paragraphs 4, 5, 6, 9, and 10, no employee or agent of any receiving party shall be given access to the Designated Material of any producing party, nor shall the contents or substance of any Designated Material be disclosed, in whole or in part, to any such person.

### 4.   Access to "Highly Confidential—Attorneys' Eyes Only" Material

Designated Material marked "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be disclosed or otherwise made available only to:

(a)     Counsel for the parties to this action (including their respective in-house, business, transactional and/or franchise counsel), as well as their associated attorneys, paralegals, support staff, and other professional personnel (including litigation support vendors and jury consultants) to the extent (i) they are directly assisting counsel in the preparation of this action for trial or any other pre- or post-trial proceeding herein, (ii) they are under the supervision or control of such counsel, and (iii) they have been advised of, and assented to, their obligations under this Order;

(b)     Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at any evidentiary proceeding, hearing or trial in this action;

4

provided, however, that information designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be provided, shown, or otherwise disclosed to such experts or consultants only in accordance with Paragraph 8 of this Order;

(c)     The Court and its personnel to the extent filed in accordance with Paragraph 6 of this Order;

(d)     Any original author, recipient, and  copy recipient of such "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information;

(e)     Any officer before whom oral testimony is taken in this action, including stenographers and/or videographers;

(f)     Any trial and/or deposition witnesses if counsel for the producing  party or third-party is agreeable to disclosure to said witness and consents either in writing or by oral statement transcribed as part of a written record, such as at a deposition or hearing;

(g)     Any other person agreed to in writing by the Parties if counsel for the disclosing party obtains an executed Acknowledgment of Confidentiality signed by the person to whom such disclosure is to be made before any disclosure is made.

(h)     Any other person if the Court, after a motion and upon notice, finds good cause and appropriate protections are put in place.

**5.     Access to "Confidential" Material**

Designated Material marked "CONFIDENTIAL" shall be available only to (a) those persons who are authorized to have access to materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the terms of Paragraph 4 above, and (b) the named parties to this action, as well as those of their current directors, officers, management, and employees that are reasonably necessary for the prosecution or defense of this action.

**6.**   **Procedures for Filing Highly Confidential Material**

A party that seeks to include with, or refer to, Designated Material marked as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in papers filed with the Court must make good faith efforts to file such information under seal in accordance with the applicable rules of procedure and case law.

In addition to the copy filed with the Court, a copy of all sealed materials and papers must be served on counsel to the parties in this action. Counsel for all parties shall be obligated to retain a copy of all sealed materials in accordance with the terms of this Order in the event of an appeal.

**7.**   **Redacted Filings**

Redacted versions of any documents filed under seal with the Court may be filed with the Court in accordance with the applicable rules of procedure and made publicly available, provided that:

(a)   All Designated Material, whether in the text of any pleading, motion, supporting memorandum, or in any exhibit thereto, is redacted in its entirety; and

(b)   Redacted versions are clearly marked "Public Version—Confidential Material Omitted." Redacted versions must also clearly identify each place where information or exhibits have been deleted.

**8.**   **Agreement**

Except by separate order of the Court or written stipulation of the parties, Designated Material (including any excerpt, summary, or note derived from Designated Material) shall not be disclosed to any person other than those identified in this Order as authorized to receive such Designated Material. All persons entitled under this Order to receive Designated Material, except counsel who have signed this Order and are thereby already bound, shall consent to be bound by

6

this Order, on behalf of themselves and the named party for whom they are employed, by executing an "Acknowledgment of Confidentiality."

### 9.     Disclosure to Authors, Previous Recipients, and Deponents

The designation of any document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not preclude any party from showing such document to any person who appears as the author, as a recipient on the face of the document.. If the identity of the author or recipient is not clear on the face of the document, then the parties agree to follow the procedures set forth in Paragraph 10 below.

### 10.     Procedure for Seeking Additional Disclosures

Prior to any disclosure of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," other than as provided in Paragraphs 4, 5, 6, and 9 above, counsel desiring to make such disclosure shall provide five (5) business days prior written notice of his or her intent to make such disclosure to counsel for the designating party or third-party witness. Such notice shall identify the specific material to be disclosed and the name, address, and position of the person to whom the proposed disclosure is to be made. If the designating party or third-party witness objects in writing to such disclosure during this five (5) business day period, no disclosure shall be made except by order of the Court. Before filing any motion, counsel seeking to make the disclosure shall meet-and-confer (either by telephone or in person) with counsel for the producing party in a good-faith effort to resolve their differences. Prior to any disclosure, except as provided in Paragraphs 4, 5, 6, and 9 above, the person to whom the proposed disclosure is to be made must execute an Acknowledgement of Confidentiality. The Acknowledgement shall be retained by counsel for the party obtaining it and distributed upon request upon final disposition of this action as set forth in Paragraph 14 below.

7

11.     **Responsibility of Attorneys**

Counsel of record shall be responsible for providing a copy of this Order to all persons entitled to review materials and papers designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to Paragraphs 4, 5, 9 and 10 above, and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials and papers so designated. To the extent a signed Acknowledgement of Confidentiality is required before a disclosure of Designated Material may be made under this Order, counsel of record for the party seeking to make the disclosure is responsible for obtaining the signed Acknowledgement of Confidentiality. The Acknowledgment shall be retained by such counsel and distributed, upon request, upon final disposition of this action as set forth in Paragraph 14 below. Designated Material shall not be copied, duplicated or otherwise used for any purpose other than the prosecution, defense, or settlement of this action and any related appeals.

12.     **Disclosure of Designated Material at Hearings**

No party shall disclose any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY material at any hearing in this action without first giving the designating party an opportunity to request of the Court that the disclosure only be made *in camera* or under such other conditions as the Court deems reasonably appropriate to protect the confidentiality of such material.

13.     **Objections to Designations/Modification of Order**

No party shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation. All parties agree to fully cooperate in good faith in order to resolve discovery disputes in a prompt fashion, subject to the following dispute resolution framework:

(a) Any party objecting to the designation of any information as "CONFIDENTIAL" must give counsel for the designating party written notice of its reasons for the objection and, within five (5) business days of such notice, meet and confer (either by telephone or in person) with counsel for the designating party in a good faith effort to resolve their differences. If a resolution is not reached within the five (5) business day period, the objecting party may bring a motion challenging the designation within five (5) business days. The documents shall continue to maintain their designated status pending a determination on the motion. In the event of such a motion, the designating party shall have the burden of proof regarding the propriety of the challenged designation.

(b) Any party objecting to the designation of any information as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" must give counsel for the designating party written notice of its reasons for the objection and, within five (5) business days of such notice, meet and confer (either by telephone or in person) with counsel for the designating party in a good faith effort to resolve their differences. If a resolution is not reached within the five (5) business day period, the designating party may bring a motion defending the designation within five (5) business days. The documents shall continue to maintain their designated status pending a determination on the motion. In the event of such a motion, the designating party shall have the burden of proof regarding the propriety of the challenged designation.

14.   **Final Disposition**

Upon the final disposition of this action (by settlement, entry of a final, non-appealable judgment, or exhaustion, non-pursuit or abandonment of any appeal), the attorneys for the parties shall return any Designated Material to the party or witness from whom it was obtained or destroy the material, those portions of any papers filed with the Court that contain or constitute Designated Material, and all copies of such materials and papers, pursuant to the instructions of the designating

party, unless otherwise agreed to by the designating party or ordered by the Court. If no instructions are received from the designating party, all Designated Material may be destroyed 180 days after the conclusion of a final non-appealable judgment or determination. When Designated Material has been destroyed pursuant to this provision, a certificate of destruction shall be provided, upon request, to counsel for the designating party. The Court shall maintain the sealed and confidential nature of Designated Material in accordance with the applicable rules of civil procedure.

### 15.   Purpose

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information, to alter the designation or non-designation of any document, or otherwise to seek relief from inadvertent disclosure of privileged or work product information.

### 16.   Effective Date

This Order shall be contractually binding as of the date of its execution by all the parties' counsel and operative as an order of the Court when entered by the Court.

### 17.   Termination

The termination of this action shall not terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the designating party agrees otherwise in writing or this Court (or any judge sitting in its stead) orders otherwise.

### 18.   Enforcement

The parties agree that this Court shall retain jurisdiction over this Action for purposes of enforcement of this Order. Any party claiming a violation of this Order may seek declaratory and/or injunctive relief as may be necessary to remedy the violation.

Entered this _8th_ day of August, 2016.

Alexandria, Virginia

_____ /s/ _____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

11

**So Stipulated this 5th day of August 2016:**

Barbara S. Wahl, Esq.
Arent Fox LLP
1717 K Street, N.W.
Washington, DC  20006
Barbara.wahl@arentfox.com

Russell P. McRory, Esq. (admitted *pro hac vice*)
Arent Fox LLP
1675 Broadway
New York, NY 10019
Russell.mcrory@arentfox.com

Sean Nicholas Clerget, Esq.
Arent Fox LLP
1717 K Street NW
Washington, DC 20036-5344
sean.clerget@arentfox.com

*Counsel for Plaintiff*
*Len Stoler, Inc.*
*d/b/a Len Stoler Audi*

Richard Mark Dare (VSB No. 14146)
ISLERDARE PC
1945 Old Gallows road, Suite 650
Tysons Corner
Vienna, Virginia  22182
T: (703) 748-2690
F: (703) 748-2695
mdare@islerdare.com

James R. Vogler (admitted *pro hac vice*)
Daniel R. Fine (admitted *pro hac vice)*
Jack O. Snyder, Jr. *(*admitted *pro hac vice)*
Emily L. Gesmundo (*pro hac vice* pending)
BARAK FERRAZZANO
KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinios 60606
T: (312) 984-3100
F: (312) 984-3150
Jim.volger@bfkn.com
Dan.fine@bfkn.com
Jack.snyder@bfkn.com
Emily.gesmundo@bfkn.com

*Counsel for Defendant*
*Volkswagen Group of America*
*d/b/a Audi of America, Inc.*

**EXHIBIT A**

**ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER
REGARDING CONFIDENTIAL DOCUMENTS AND INFORMATION**

I, _____, do solemnly swear that I have reviewed, understand, and am familiar with the terms of the Stipulated Protective Order Regarding Confidential Documents and Information entered in the action entitled *Len Stoler, Inc. d/b/a Len Stoler Audi v. Volkswagen Group of America, Inc. d/b/a Audi of America, Inc.*, Case No.  1:15CV1659-TSE/JFA (U.S. District Court for the Eastern District of Virginia) ("Order") and that I hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court. I further understand and agree that any documents received or reviewed by me pursuant to the Order are intended for, and shall be used solely for, purposes relating to my participation in this proceeding. I hereby agree to abide by the terms of the Order, and I understand that any failure on my part to abide by the terms of the Order result in the imposition of sanctions against me.

I understand and consent to the jurisdiction of the Court for purposes of enforcement of the Order.

Dated: _____

_____
[Signature]

_____
[Print Name]

_____
[Title]

_____
[Address Line 1]

_____
[Address Line 2]