# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| LEN STOLER, INC. d/b/a LEN STOLER AUDI, <br><br> Plaintiff, <br><br> v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC., <br><br> Defendant. | Civil Action No.: 1:15CV1659-TSE/JFA |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Len Stoler, Inc. d/b/a Len Stoler Audi ("Stoler" or "Plaintiff"), by and through the undersigned counsel, hereby answers the Counterclaim of Defendant Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. ("Audi" or "Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff admits that it is an injured party and otherwise denies the allegations contained in paragraph 1 of the Counterclaim.

2. Plaintiff denies the allegations contained in paragraph 2 of the Counterclaim.

3. Plaintiff denies the allegations contained in paragraph 3 of the Counterclaim.

## JURISDICTION AND VENUE

4. Plaintiff admits that this Court has jurisdiction over this matter.

5. Plaintiff admits venue is proper in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff refers the Court to the Dealer Agreement itself for its full and complete terms and otherwise denies allegations contained in paragraph 6 of the Counterclaim.

7. Plaintiff denies knowledge or information sufficient to form a belief as to the nature, calculation and enforceability of the "market opportunity" described in paragraph 7 of the Counterclaim and otherwise denies the allegations contained in this paragraph.

8. Plaintiff denies knowledge or information sufficient to form a belief as to the nature, calculation and enforceability of the "market opportunity" described in paragraph 8 of the Counterclaim and otherwise denies the allegations contained in this paragraph.

9. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained in the first two sentences of paragraph 9 of the Counterclaim. Plaintiff admits it entered into a Facility Agreement with Audi but denies it failed to perform.

10. Plaintiff admits the allegations contained in paragraph 10 of the Counterclaim.

11. Plaintiff refers the Court to the Facility Agreement for its full and complete terms and otherwise denies the allegations contained in paragraph 11 of the Counterclaim.

12. Plaintiff denies the allegations contained in paragraph 12 of the Counterclaim.

13. Plaintiff denies the allegations contained in paragraph 15 of the Counterclaim.

14. Plaintiff admits that it filed suit against Audi and sought damages based on Audi's violation of Maryland law and otherwise denies the allegations contained in paragraph 14 of the Counterclaim.

15. Plaintiff admits the allegations contained in paragraph 15 of the Counterclaim.

## COUNT ONE

## BREACH OF COVENANT NOT TO SUE

16. Plaintiff reincorporates by reference its responses to paragraphs 1 through 15 all as if fully set forth verbatim herein.

17. Plaintiff denies the allegations contained in paragraph 17 of the Counterclaim.

18. Plaintiff refers the Court to the Facility Agreement for its full and complete terms and otherwise denies the allegations contained in paragraph 18 of the Counterclaim.

19. Plaintiff denies the allegations contained in paragraph 19 of the Counterclaim.

20. Plaintiff denies the allegations contained in paragraph 20 of the Counterclaim.

21. Plaintiff denies the allegations contained in paragraph 21 of the Counterclaim.

## AFFIRMATIVE DEFENSES

Plaintiff asserts the following affirmative defenses based upon information presently available; it reserves the right to assert additional affirmative defenses or withdraw any of these affirmative defenses as further information becomes available through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or in part, because the Counterclaim, the Facility Agreement and the Covenant Not to Sue are void as against public policy.

## THIRD AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or part, by Title Fifteen of the Maryland Transportation Code.

Dated: August 8, 2016

          Respectfully Submitted,

          **ARENT FOX LLP**

          /s/ Barbara S. Wahl
          Barbara S. Wahl (VSB No. 24647)
          1717 K Street, N.W.
          Washington, D.C. 20006
          Telephone: (202) 857-6000
          Facsimile:  (202) 857-6395
          E-Mail: barbara.wahl@arentfox.com

          /s/ Russell P. McRory
          Russell P. McRory (admitted *pro hac vice*)
          1675 Broadway
          New York, New York 10019
          Telephone: (212) 484-3900
          Facsimile: (212) 484-3990
          E-Mail: russell.mcrory@arentfox.com

          *Attorneys for Plaintiff Len Stoler, Inc. d/b/a Len Stoler Audi*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2016, a true and correct copy of the foregoing Plaintiff's Answer to Defendant's Counterclaim were sent via ECF to the following:

>Richard Mark Dare (VSB No. 14146)
>Isler Dare PC
>1945 Old Gallows Road, Suite 650
>Tysons Corner
>Vienna, Virginia 22182
>T:  (703) 748-2690
>F:  (703) 748-2695
>mdare@islerdare.com
>
>James R. Vogler
>Vito S. Solitro
>Barack Ferrazzano Kirschbaum & Nagelberg LLP
>200 West Madison, Suite 3900
>Chicago, Illinois 60606
>T:  (312) 984-3100
>F:  (312) 984-3150
>jim.vogler@bfkn.com
>vito.solitro@bfkn.com
>
>*Attorneys for Defendant Audi of America, Inc.*

  /s/ Barbara S. Wahl

>Barbara S. Wahl (VSB No. 24647)
>Arent Fox LLP
>1717 K Street, N.W.
>Washington, D.C. 20006
>202.857.6000 (Phone)
>202.857.6395 (Fax)
>barbara.wahl@arentfox.com
>
>*Counsel for Plaintiff Len Stoler, Inc.*
>*d/b/a Len Stoler Audi*