# EXHIBIT 3

*Confidential*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

---------------------------------------------------------------- X
LEN STOLER, INC. d/b/a LEN STOLER AUDI, : Case No.: 1:15CV1659-TSE/JFA
:
         Plaintiff, :
:
-against- :
:
VOLKSWAGEN GROUP OF AMERICA, :
INC. d/b/a AUDI OF AMERICA, INC., :
:
         Defendant. :
---------------------------------------------------------------- X

## DEFENDANT AUDI OF AMERICA, INC.'S RESPONSES TO PLAINTIFF LEN STOLER, INC.'S SECOND SET OF INTERROGATORIES

Defendant Audi of America, Inc. ("AoA"), by its undersigned attorneys, hereby responds as follows to Plaintiff Len Stoler, Inc.'s ("Stoler") Second Set of Interrogatories (the "Interrogatories"). In doing so, AoA reserves the following:

1. AoA hereby incorporates by reference its objections ("Objections") to the Interrogatories, which were previously served on Stoler's counsel.

2. Any response stated below ("Response") to any of the Interrogatories, or a part thereof, is not intended to be and shall not be deemed a concession or admission by AoA of the relevance or admissibility of the Interrogatories, or the Response thereto, of any information referred to in the Interrogatories or AoA's Responses, or any documents produced in response to Stoler's requests for production of documents ("Requests") in this matter. AoA reserves the right to raise any objection to the use of any information contained herein—or the introduction of any documents produced in response to the Interrogatories—at any hearing or trial of this action.

3. Investigation, discovery, and preparation for trial are continuing, and all Responses are without prejudice to the rights of AoA to introduce at trial or in any other proceeding related to this case, any facts or information discovered after the date of serving these Responses. AoA reserves the right to supplement or amend its Responses hereto, if necessary, following further discovery in this litigation.

4. AoA states that the Interrogatories seek information that is sensitive, confidential or proprietary, and which relates to AoA's trade secrets, business practices, or its relationships with its dealers or former dealers other than Stoler ("Confidential Information"). The disclosure of such information without the necessary safeguards could injure AoA. Accordingly, AoA has endorsed this document with a "Confidential" stamp pursuant to the terms of a proposed protective order that would establish the necessary protections for such information (including, but not limited to, an attorneys' eyes only provision for certain types of information, as so designated herein as necessary) entered by the Court.

All Responses stated below are given subject to, and in accordance with, the foregoing statements.

## RESPONSES TO INTERROGATORIES

1. Please identify any and all reasons or rationales in support of your contention that the covenant not to sue (the "Covenant") contained in the Facility Agreement is not void under Maryland Transportation Code § 15-207(f), or other applicable statute.

**ANSWER:** AoA states that the Facility Agreement was executed by competent parties represented by sophisticated counsel and was supported by offer, acceptance, and consideration and is therefore a binding and valid contract under Maryland law. AoA further states that the Facility Agreement does not contain any "provision" requiring a dealer to pay the attorney's fees of a manufacturer or distributor. AoA further states that Stoler ratified the Facility Agreement and its provisions. AoA further states that any request for relief to void the Facility Agreement

on equitable grounds in Stoler's favor would violate principles of equity because Stoler derived greater benefits from the Facility Agreement than AoA.  AoA further states that Stoler has breached the plain language of the Facility Agreement's covenant not to sue by filing suit "with respect to . . . alleged damages Dealer may suffer as a result of Dealer's loss of the right to receive any Standards Bonus."  As a result of Stoler's breach of the Covenant, AoA has been forced to incur attorney's fees and would suffer additional damages, to the extent Stoler is able to obtain damages based on the Dealer's loss of the right to receive any Standards Bonus from on or after January 1, 2016.

AoA further states that it is unaware of "other applicable statute" to which this Interrogatory without specification alludes.

Consistent with the Objections, AoA is not required to make any further response, because any further matter sought by this Interrogatory does not merely relate to the "application of law to fact" which is permissible under Federal Rule of Civil Procedure 33(a)(2), but to "issues of 'pure law,'" *see* 1970 Advisory Committee Note, which are not properly sought by means of Interrogatory.

2.  Please identify with particularity the damages to which you contend that [sic] you are entitled as a result of Stoler's alleged breach of the Covenant, and, to the extent that the damages include attorneys' fees, explain the methodology by which the damages pertinent to Count I of the Amended Complaint are segregated from the other attorney's fees Audi has incurred or will incur in connection with the parties' dispute.

**ANSWER:**  Subject to the Objections, AoA states that Maryland law governs the damages to which AoA is entitled for Stoler's breach of the Covenant.  AoA further states that damages as a result of Stoler's breach of the Covenant include (a) attorney's fees related the allegations of Count I of the Amended Complaint, (b) attorney's fees that relate to issues arising out of the same common core of facts as Count I of the Amended Complaint, and/or (c) attorney's fees that are otherwise reasonable.  AoA further states that, as of this date, AoA

has not segregated its attorney's fees, but that the total amount incurred to date is in excess of $300,000. AoA further states that it will incur expert fees as a result of Stoler's breach of the Covenant. AoA further states that it would suffer additional damages to the extent Stoler is able to obtain damages based on the Dealer's loss of the right to receive any Standards Bonus from on or after January 1, 2016.

3. Please identify any and all reasons or rationales for your contention that Audi is entitled to attorney's fees included as part of damages or otherwise, and that they are not barred by Maryland Transportation Code § 15-207(f).

**ANSWER:** Subject to the Objections, AoA re-states its Answer to Interrogatory No.1.

4. Please identify any and all reasons or rationales for your contention that Stoler's claims are barred in whole or in part by the doctrine of unclean hands or *in pari delicto*.

**ANSWER:** Subject to the Objections, AoA states that Stoler was advised by legal counsel prior to executing the Facility Agreement as the enforceability of the Facility Agreement. AoA further states that Stoler paid its attorneys for an analysis of the legality of the Facility Agreement before the Facility Agreement was executed. AoA further states, on information and belief, that even though Len Stoler did not agree with the representations that Stoler made in the Facility Agreement, Len Stoler nonetheless signed the Facility Agreement in order to obtain additional money from AoA. AoA further states that at some point during 2015, Stoler decided that it would not perform under the Facility Agreement but continued to collect monies from AoA. Investigation continues.

5. Please explain the basis for your contention that Stoler's annual market opportunity grew to exceed the 400-unit level and identify any and all formulas, planning tools, or similar devices utilized by Audi to reach this conclusion.

**ANSWER:** Subject to the Objections, AoA states, pursuant to Fed. R. Civ. P. 33(d), that it will produce documents sufficient to identify Stoler's Market Opportunity Guide during 2013 through 2016 and any other facts upon which AoA relied upon in making the contention

that Stoler's "annual market opportunity grew to exceed the 400-unit level," subject to the terms of a protective order regarding the confidentiality of such information.

      6.    Please explain the basis for your contention that the Facility Agreement is an enforceable contract between the parties, in light of Md. Transportation Code § 15-207(h) or other applicable provision.

      **ANSWER:**    Subject to the Objections, AoA re-states its Answer to Interrogatory No.1. AoA further states that although Stoler has failed to specify to which if any of the numerous subparts of Md. Transportation Code § 15-207(h) this Interrogatory refers, the Facility Agreement does not contain terms that violate Maryland Transportation Code § 15-207(h)(1)(i), (h)(1)(ii), (h)(2)(i), (h)(2)(ii), (h)(3)(i), (h)(3)(ii), or (h)(3)(iii).

Dated:   July 29, 2016

Respectfully submitted,

 /s/ Jack O. Snyder, Jr.

Richard Mark Dare (VSB No. 14146)
ISLERDARE PC
1945 Old Gallows road, Suite 650
Tysons Corner
Vienna, Virginia  22182
T: (703) 748-2690
F: (703) 748-2695
mdare@islerdare.com

James R. Vogler (admitted *pro hac vice*)
Daniel R. Fine (admitted *pro hac vice*)
Jack O. Snyder, Jr. *(*admitted *pro hac vice*)
Emily L. Gesmundo (admitted *pro hac vice)*
BARACK FERRAZZANO
 KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
T: (312) 984-3100
F: (312) 984-3150
Jim.volger@bfkn.com
Dan.fine@bfkn.com
Jack.snyder@bfkn.com
Emily.gesmundo@bfkn.com

*Confidential*

*Counsel for Defendant/Counter-Plaintiff*
*Volkswagen Group of America*
*d/b/a Audi of America, Inc.*

## VERIFICATION

I, Paul W. Ritsema, am an in-house attorney for Audi of America, Inc. ("AoA"), an operating division of Volkswagen Group of America, Inc. Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury that the foregoing Answers to Len Stoler Inc.'s Second Set of Interrogatories are true and correct, to the best of my knowledge, based on the information reasonably available to me.

Executed on: 8/23/16
Date

Paul W. Ritsema

*Confidential*

CERTIFICATE OF SERVICE

      I, Jack O. Snyder, Jr., hereby certify that on this 29th day of July, 2016, I served a true and accurate copy of the foregoing by emailing and mailing it (via U.S. Mail, First Class, postage prepaid) to the following:

      Barbara S. Wahl, Esq.
      Arent Fox LLP
      1717 K Street, N.W.
      Washington, DC 20006
      Barbara.wahl@arentfox.com

      Russell P. McRory, Esq.
      Arent Fox LLP
      1675 Broadway
      New York, NY 10019
      Russell.mcrory@arentfox.com

      Sean Nicholas Clerget, Esq.
      Arent Fox LLP
      1717 K Street NW
      Washington, DC 20036-5344
      sean.clerget@arentfox.com

      Michael Palmer McMahan, Esq.
      Arent Fox LLP
      1675 Broadway
      New York, NY 10019
      michael.mcmahan@arentfox.com

      /s/ Jack O. Snyder, Jr.

*Counsel for Defendant*
*Volkswagen Group of America, Inc.*
*d/b/a Audi of America, Inc.*