UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| LEN STOLER, INC. d/b/a LEN STOLER AUDI, | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) Case No. 1:15CV1659-TSE/JFA ) |
| VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC., | ) ) ) |
| Defendant/Counter-Plaintiff. | ) ) |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION TO FILE UNDER SEAL**

Defendant Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. ("AoA") submits this memorandum in support of its motion pursuant to Local Rule 5 to file under seal certain papers to be submitted in connection with its Motion to Compel. The Memorandum in Support of the Motion to Compel contains passages that were redacted and is accompanied by several exhibits that are withheld from the public filing.

The nature of the materials at issue is as follows:

1) The materials filed under seal include deposition transcripts of David Leibowitz and Todd Berko. Mr. Leibowitz is the Plaintiff's Chief Financial Officer; Mr. Berko is one of the Plaintiff's experts. Plaintiff's counsel has designated each of these transcripts as "Highly Confidential - Attorneys' Eyes Only" under the terms of the Protective Order entered by the Court (Dkt. 41). The items filed under seal also include certain documents produced by Plaintiff in this action that have been designated as either "Highly Confidential - Attorneys' Eyes Only" or "Confidential." Such documents contain communications or other materials that relate to the Plaintiff's communications with potential purchasers of certain assets, and/or information

pertaining to Plaintiff's financial performance. Finally, the documents filed under seal include emails between counsel, including documents attached thereto, that reflect or contain information contained or reflected in documents designated as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Plaintiff. Portions of the Defendant's Memorandum in Support of its Motion to Compel that contain or reflect the contents of these materials have been redacted from the public version.

2) The materials filed under seal have all been designated as either "Highly Confidential - Attorneys' Eyes Only" or "Confidential" by the Plaintiff pursuant to the Protective Order entered by the Court (Dkt. 41). Plaintiff is in the best position to explain its justification for such designation. However, on information and belief, Defendant understands that with respect to each of the materials described above with the exception of Mr. Berko's deposition transcript, Plaintiff takes the view that such materials contain sensitive information relating to its finances and business dealings. With respect to Mr. Berko's deposition transcript, Defendant understands, on information and belief, that Plaintiff seeks to protect the confidentiality of Mr. Berko's business dealings that involve his other clients.

Notwithstanding the foregoing, Defendant would not object were Plaintiff to withdraw its confidentiality designations on any of the foregoing materials, in which case Defendant would be willing to re-file any such re-designated materials publicly.

The Court entered a protective order herein on August 8, 2016. This Order provides that the parties may designate materials as "Confidential" and "Highly Confidential – Attorneys' Eyes Only" in order to protect the parties from the unnecessary disclosure of sensitive commercial information whose disclosure is likely to cause competitive injury to a party. The passages and exhibits that are the subject of this motion either constitute, or would reveal, material that has been

so designated by Plaintiff or Defendant.  Where redaction is feasible, redaction rather than wholesale sealing, has been employed.  The redactions and sealings are narrowly tailored to protect confidential and sensitive business information.  No alternative procedure offers sufficient protection to the commercial interests of the party to which the information relates.

Although judicial proceedings are generally open to the public, and the public has a right of access to judicial records and documents, *Va. Dept. of State Police v. Wash. Post*, 386 F3d 567 (4th Cir 2004), this right is not unlimited.  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978).  In the present circumstances, this interest is outweighed by the potential injury to the party whose information would be revealed because its disclosure to the public would unfairly and unnecessarily harm the competitive business interests of that party.  *See id.* at 598 (recognizing "sources of business that might harm a litigant's competitive standing" as a situation where public access to judicial records may be denied).

The proposed redactions and sealings are limited and are appropriate, as the risk of injury to the affected party is greater in this instance than the public's common law and First Amendment right of access.  According to Len Stoler, Inc., the party to whom the material relates, its disclosure would give an unfair advantage to the party's competitors in the marketplace because it would reveal sensitive information about the operations and internal business practices of the party, and one of the disclosures (Berko testimony) would reveal information about Mr. Berko's clients that is sensitive for similar reasons..  This justifies allowing the documents containing this information to be filed under seal.  *See East West LLC v. Rahman,* 2012 WL 384 1401 (E.D.Va.).

Dated:  September 23, 2016                              Respectfully submitted,

                                                                /s/Richard Mark Dare
                                                       Richard Mark Dare (VSB No. 14146)
                                                       ISLERDARE PC
                                                       1945 Old Gallows road, Suite 650

Tysons Corner
Vienna, Virginia  22182
T: (703) 748-2690
F: (703) 748-2695
mdare@islerdare.com

James R. Vogler (*pro hac vice* to be filed)
Daniel R. Fine (admitted *pro hac vice)*
Jack O. Snyder, Jr. *(*admitted *pro hac vice)*
BARAK FERRAZZANO
  KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinios 60606
T: (312) 984-3100
F: (312) 984-3150
Jim.volger@bfkn.com
Dan.fine@bfkn.com
Jack.snyder@bfkn.com

*Counsel for Defendant*
*Volkswagen Group of America*
*d/b/a Audi of America, Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September, 2016, I served a true and accurate copy of the foregoing by filing it electronically with the Clerk of the Court using CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Barbara S. Wahl, Esq.
>Arent Fox LLP
>1717 K Street, N.W.
>Washington, DC  20006
>Barbara.wahl@arentfox.com
>
>Russell P. McRory, Esq.
>Arent Fox LLP
>1675 Broadway
>New York, NY 10019
>Russell.mcrory@arentfox.com
>
>Sean Nicholas Clerget, Esq.
>Arent Fox LLP
>1717 K Street NW
>Washington, DC 20036-5344
>sean.clerget@arentfox.com

>/s/
>R. Mark Dare, Va. Bar No. 14146
>ISLERDARE PC
>1945 Old Gallows Road, Suite 650
>Vienna, VA 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>mdare@islerdare.com
>*Counsel for Defendant*
>*Volkswagen Group of America, Inc.*
>*d/b/a Audi of America, Inc.*