**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

**LEN STOLER INC. d/b/a LEN STOLER AUDI,**

        **Plaintiff,**

-against-

**VOLKSWAGEN GROUP OF AMERICA, INC.
d/b/a AUDI OF AMERICA, INC.**

        **Defendant.**

Case No. 1:15CV1659 – TSE/JFA

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE CERTAIN LIMITED INFORMATION
<u>UNDER SEALWITH REDACTED COPIES FOR THE PUBLIC RECORD</u>**

Plaintiff Len Stoler, Inc. d/b/a Len Stoler Audi ("Stoler") hereby moves, pursuant to Federal Rule of Civil Procedure 5(d) and Local Civil Rules 5(C) and (D), to file under seal and redact from its public filings certain limited portions of its Supplemental Memorandum of Law in Support of its Motion for Partial Summary Judgment (together with the exhibits annexed thereto, the "Documents"). The information to be filed under seal and redacted from the public record consists of (1) confidential and competitively sensitive information, the disclosure of which could injure Stoler; (2) information that Defendant Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. ("Audi") may not want disclosed in the public domain; and (3) information Audi has previously sought to seal in this action, *see* ECF Nos. 53, 54, 55. In further support of this Motion, Stoler states as follows:

## BACKGROUND

1. On or about December 17, 2015 Stoler filed instant action Audi seeking relief under various theories of liability, including breaches of the Maryland Transportation Code. Stoler filed an Amended Complaint on or around March 22, 2016.

2. On September 23, 2016 Audi filed a motion to compel, seeking, *inter alia*, that Stoler create certain documents that it does not normally maintain in its normal course of business, to make David Leibowitz available for another deposition, and sanctions. .

3. In its filing on September 23, 2016. Audi filed a Motion to Seal Papers and Exhibits Relating to Defendant's Motion to Compel (ECF Nos. 53, 54, 55).  Audi's Motion to Seal is currently pending before the Court.

4. In its Motions to Seal, Audi seeks to seal and redact from public filings certain confidential and competitively sensitive information, as well as non-public information of Audi and Stoler.

## INFORMATION SOUGHT TO BE FILED UNDER SEAL AND REDACTED FROM THE PUBLIC RECORD

5. Separate from the filing of the Motion to Seal Papers, Stoler is filing the Documents. In addition to the information for which Audi seeks confidential treatment, Stoler seeks to file under seal other limited information contained in the Documents.

6. The information at issue contains sensitive, non-public, confidential business information, the public disclosure of which could cause competitive harm to Stoler.  Specifically, Stoler seeks to seal information regarding:

- The size, layout, and costs of Stoler's operations;
- Non-public sales performance and profit information of Stoler;
- Stoler's financial performance;

- Information concerning Audi's Brand Standards bonus, facility planning guides, and the financial consideration Audi paid Stoler and other Audi dealers;

7. Stoler has redacted this information from its publicly-filed Documents.

8. Further, in an abundance of caution, Stoler also seeks to file under seal certain information that Audi may not want disclosed in the public domain, information about Audi's incentive programs and other performance data. Stoler has redacted this information from the Documents.

9. Likewise, Stoler seeks to seal the limited information for which Audi has previously sought confidential treatment. *See* ECF Nos. 53, 54, 55.

## ARGUMENT

10. Under the Court's local rules, a party may file a motion to file under seal, along with the proposed sealed filings, and the Court will then determine whether the sealing is appropriate. *See* E.D. Va. LCvR 5(D).

11. Per local rule, a party's memorandum in support of its motion to seal must include:

(1) A non-confidential description of what is to be sealed; (2) A statement as to why sealing is necessary, and why another procedure will not suffice; (3) References to governing case law; and (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and as to how the matter is to be handled upon unsealing .

LCvR 5(C).

12. Before the Court can seal information, it must "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.,* 218 F.3d 282, 288 (4th Cir. 2000).

13. It is not necessary to provide individual notice of Stoler's Motion to Seal. Instead, it is sufficient to either "notify[ ] the persons present in the courtroom of the request to seal" at the time of the hearing, or "docket[ ] [the sealing request] in advance of deciding the issue." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, Stoler's Motion to Seal will be filed electronically via the Court's ECF system. Thus, the public notice requirement has been satisfied.

14. The Court must also consider using redactions or limited sealing instead of permanent, blanket sealing of entire documents. *E.g.*, *Guerrero v. Deane*, No. 1:09CV1313 (JCC/TRJ), 2012 WL 3834913, at *2 (E.D. Va. Sept. 4, 2012). Here, Stoler only seeks to redact limited portions of the Documents. Stoler does not seek to seal the entire contents of these documents. Thus, Stoler satisfies the second requirement of the *Ashcraft* analysis.

15. The Court must also make specific findings, supported by the record, that justify sealing. The redacted information contained in the Documents consists of confidential business information, namely information pertaining to the size, layout, and costs of Stoler's operations; non-public sales performance and profit information of Stoler; and information pertaining to Stoler's financial performance and financial investments. Such "[c]onfidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit", and it may be protected "through the injunctive process or other appropriate remedy." *Carpenter v. United States*, 484 U.S. 19, 26 (1987). Accordingly, the information at issue should be redacted as confidential business information since it is not known or disclosed outside of Stoler and public disclosure of that information could cause it competitive harm.

16.     Sealing and redacting limited portions of judicial records to protect competitively sensitive business information is appropriate to prevent others from "gaining a business advantage" from materials filed with the court. *In re Knight Publ'g Co.,* 743 F.2d at 235. Accordingly, protecting this competitively sensitive business information justifies the redaction of the Documents.

17.     Likewise, the remaining limited redacted portions of the Documents should be sealed.  Specifically, information such as the financial consideration paid by Audi and its respective standards are considered by Audi to be non-public, confidential business information, and is currently the subject of Audi's pending Motion to Seal.  For these reasons, this information should also be filed under seal.

## **CONCLUSION**

For the foregoing reasons, Stoler respectfully requests that the Court grant its Motion for Leave to File under Seal the Documents.  Stoler also requests that the Court issue an Order that all parties to this action redact the information sought to be sealed in Stoler's Motion from their subsequent public filings.

Dated: Washington, DC
       September 30, 2016

                LEN STOLER, INC. d/b/a LEN STOLER AUDI

                By: */s/ Barbara S. Wahl*
                     Barbara S. Wahl (Bar No. 24647)
                     Arent Fox LLP
                     1717 K Street, N.W.
                     Washington, DC 20006
                     Tel: (202) 857-6000
                     Fax: (202) 857-6395
                     Barbara.wahl@arentfox.com

                     Russell P. McRory, Esq. (*pro hac vice*)
                     Michael P. McMahan, Esq. (*pro hac vice*)
                     Arent Fox, LLP
                     1675 Broadway
                     New York, New York 10019

                     *Counsel for Plaintiff Len Stoler, Inc. d/b/a Len Stoler Audi*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of September, 2016, I will electronically file the foregoing Memorandum of Law in Support of Plaintiff to File Under Seal and its Memorandum of Law in Support of Its Motion for Partial Summary Judgment with Redacted Copies for the Public Record with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

> R. Mark Dare
> Isler Dare PC
> 1945 Old Gallows Road, Suite 650
> Vienna, Virginia 22182
>
> and
>
> James R. Vogler (admitted *pro hac vice*)
> Daniel R. Fine (admitted *pro hac vice*)
> Jack O. Snyder, Jr. (admitted *pro hac vice*)
> Emily L. Geesmundo (admitted *pro hac vice*)
> Barack Ferrazzano Kirschbaum & Nagelberg LLP
> 200 West Madison Street, Suite 3900
> Chicago, Illinois 60606
>
> *Attorneys for Defendant*

    */s/ Barbara S. Wahl*
    Barbara S. Wahl