# SUPPLEMENTAL EXHIBIT 2

```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA
                        Alexandria Division

LEN STOLER, INC., dba Len Stoler Audi,    )
                                          )
                              Plaintiff,  )
                                          )
v.                                        ) CIVIL ACTION
                                          )
VOLKSWAGEN GROUP OF AMERICA, INC., dba    ) 1:15-cv-1659
Audi of America, Inc.,                    )
                                          )
                              Defendant.  )
_____)


                      REPORTER'S TRANSCRIPT

                         MOTION HEARING

                    Friday, September 2, 2016


                              ---


BEFORE:        THE HONORABLE T.S. ELLIS, III
               Presiding

APPEARANCES:   BARBARA S. WAHL, ESQ.
               RUSSEL P. MCRORY, ESQ.
               MICHAEL MCMAHAN, ESQ.

                  For the Plaintiff

               MARK DARE, ESQ.
               DANIEL R. FINE, ESQ.

                  For the Defendant


                              ---


               MICHAEL A. RODRIQUEZ, RPR/CM/RMR
                    Official Court Reporter
               USDC, Eastern District of Virginia
                      Alexandria Division
```

| | |
|---|---|
| 1 | that it was a very necessarily discounted number from |
| 2 | what he hoped he could reap. |
| 3 | THE COURT: All right. Go on. |
| 4 | ATTORNEY WAHL: So before the sale, this |
| 5 | lawsuit had already been instituted. And Stoler has |
| 6 | alleged causes of action arising, as the Court is aware, |
| 7 | under the Maryland Dealer Act, and that's because the |
| 8 | parties' dealer agreement, as well as the facilities |
| 9 | agreement that they signed about building the new |
| 10 | exclusive facility, called for Maryland law to apply. |
| 11 | And, specifically, the allegations are, that |
| 12 | arise under three separate sections of the |
| 13 | Transportation Code 207(h), the first is (h)(1)(i), |
| 14 | which is that Stoler was not -- did not receive and was |
| 15 | not offered the higher bonus as was offered and received |
| 16 | by exclusive dealers. |
| 17 | The second, (h)(2)(i) and (ii), is that |
| 18 | Stoler was compelled or required to build an exclusive |
| 19 | facility by Audi, and also denied, or threatened to be |
| 20 | denied, a benefit that was generally available to |
| 21 | dealers, because -- unless it did build this exclusive |
| 22 | facility. |
| 23 | And the third allegation, set of |
| 24 | allegations, arises under (h)(3), and that is that Audi |
| 25 | reduced the purchase price of the vehicle -- or didn't |

```
 1                THE COURT:  Okay.  Tell me why.
 2                ATTORNEY WAHL:  And it's because it's the
 3   appearance versus the reality problem.  The Legislature
 4   was very clear that --
 5                THE COURT:  Well, they weren't or we
 6   wouldn't be here.
 7                ATTORNEY WAHL:  Well --
 8                THE COURT:  But you think the current
 9   language is sufficient to do what?
10                ATTORNEY WAHL:  That all incentives must be
11   offered equally, not conditioned on whether --
12                THE COURT:  Well, where does it say not
13   conditioned?
14                ATTORNEY WAHL:  It doesn't.  That is exactly
15   the point.  Audi's position is, essentially, going back
16   to the lady at Target, we can sell everything to
17   anybody, except you have to have straight blond hair.
18                Now, that is a policy --
19                THE COURT:  I don't think that's analogous
20   at all to this, and I think you won't succeed going back
21   there.
22                But it seems to me that the (h)(1) -- you
23   don't rely only on that statute anyway.
24                ATTORNEY WAHL:  We do not, your Honor.
25                THE COURT:  And I think it may be a mistake
```

```
 1    for you to rely only on that one, because I don't see
 2    any reason why they can't say, "You get a higher bonus
 3    if all of your salespeople wear red clothes," or "if you
 4    build another facility."
 5              But if you go to another provision, you may
 6    get something out of it.
 7              But this -- their argument is, "Look, we
 8    offered the exclusive standard -- standards bonus to all
 9    dealers."  And if they chose to operate out of exclusive
10    facilities and sell only Audi vehicles, they could
11    receive the higher bonus.
12              I think the way I see it thus far -- correct
13    me if you think I am wrong -- if that's all that the
14    Maryland law said, if there wasn't anything else, you
15    might be in a tougher situation, because it only says
16    you've got to offer it to everybody.
17              And then you would say, "Well, not everybody
18    can accept it.  Not everybody wants to accept it."
19              Well, there is nothing in the statute about
20    you can't make offers that some people can't accept or
21    that some people don't want.
22              But I don't think you are limited to
23    (h)(1)(i).
24              ATTORNEY WAHL:  We are not, your Honor.
25              THE COURT:  Right.
```