# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| **LEN STOLER, INC. d/b/a LEN STOLER AUDI,** <br><br> **Plaintiff,** <br><br> - against - <br><br> **VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC.,** <br><br> **Defendant.** | **Case No. 1:15CV1659-TSE/JFA** |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION OR ALTERNATE RELIEF

ARENT FOX LLP
Barbara S. Wahl (VSB No. 24647)
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 857-6000

*Of Counsel*:
Russell P. McRory (*pro hac vice*)
Michael P. McMahan (*pro hac vice*)
Arent Fox LLP
1675 Broadway
New York, NY 10019
Tel: (212) 484-3942

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ............................................................................................................................2

        A.      Relevant Factual Background.................................................................2

        B.      Relevant Procedural History...................................................................3

ARGUMENT ..................................................................................................................................4

    I.      Reconsideration Is Not Warranted .......................................................................4

    II.     Audi Has Violated Maryland Dealer Act § 15-207(h)(3)....................................6

        A.      As a Matter of Law, Post-Sale Incentives or Rebates Reduce the Price Charged to a Dealer within the Meaning of the Maryland Dealer Act.................................................................................................7

        B.      Stoler Will Prove at Trial that Audi Treated the Standards Bonus Payments as Reducing the Price of Vehicle ............................................10

    III.    Audi's Alternative Request for Judgment on the Pleadings Should Be Denied....................................................................................................................11

CONCLUSION .............................................................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*
　99 F.R.D. 99 (E.D. Va. 1983) .................................................................................................4, 6

*Am. Canoe Ass'n v. Murphy Farms, Inc.*,
　326 F.3d 505 (4th Cir. 2003) ......................................................................................................4

*Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*,
　100 A.D.3d 669 (N.Y. App. Div. 2012) ................................................................................9, 10

*Butler v. United States*,
　702 F.3d 749 (4th Cir. 2012) ....................................................................................................11

*Capital Ford Truck Sales, Inc. v. Ford Motor Co.*,
　819 F. Supp. 1555 (N.D. Ga. 1992) ..........................................................................................10

*Catalano Inc. v. Target Sales*,
　446 U.S. 643 (1980) ....................................................................................................................9

*United States ex rel. Davis v. Prince*,
　No. 1:08CV1244, 2010 WL 9035947 (E.D. Va. Aug. 27, 2010) ................................................6

*Evans v. Trinity Indus., Inc.*,
　148 F. Supp. 3d 542 (E.D. Va. 2015) ...............................................................................4, 5, 6

*Governor of Md. v. Exxon Corp.*,
　279 Md. 410 (1977) ....................................................................................................................9

*Lewis v. Philip Morris Inc.*,
　355 F.3d 515 (6th Cir. 2004) ......................................................................................................9

*Lockshin v. Semsker*,
　987 A.2d 18 (Md. 2010) .............................................................................................................7

*Mathew Enter., Inc. v. Chrysler Grp.*
　LLC, No. 13- cv-4236, 2014 WL 3418545 (N.D. Cal. July 11, 2014) ....................................10

*Moog Indus., Inc. v. FTC*,
　238 F.2d 43 (8th Cir. 1956) ........................................................................................................9

*Shanklin v. Seals*,
　No. 3:07cv319, 2010 WL 1781016 (E.D. Va. May 3, 2010) .....................................................6

*Standard Motor Prods., Inc. v. FTC*,
   265 F.2d 674 (2d Cir. 1959) ................................................................................................. 9

*Stoddard v. State*,
   395 Md. 653 (2006) ............................................................................................................. 8

*TomTom, Inc. v. AOT Sys. GmbH*,
   17 F. Supp. 3d 545 (E.D. Va. 2014) ............................................................................ 4, 5, 6

*United States v. Smithfield Foods, Inc.*,
   969 F. Supp. 975 (E.D. Va. 1997) ..................................................................................... 4, 5

**Statutes**

Dealer Act § 15-207(b) ................................................................................................................. 3

Dealer Act § 15-207(h)(3) ................................................................................................... *passim*

Dealer Act §§ 15-207(h)(3)(i)-(ii) ............................................................................................. 3, 7

Maryland Dealer Act ................................................................................................................. 4, 7

Md. Code Ann., Transp. § 15-201 *et seq.* .................................................................................... 3

Robinson-Patman Act ................................................................................................................. 10

**Other Authorities**

Rule 12(b)(1) ............................................................................................................................... 12

Rule 12(b)(6) ............................................................................................................................... 11

Rule 12(c) ........................................................................................................................ 2, 11, 12

Plaintiff Len Stoler, Inc. d/b/a Len Stoler Audi ("Plaintiff" or "Stoler"), by its undersigned counsel, respectfully submits this memorandum in opposition to the motion of Volkswagen Group of America, Inc. d/b/a Audi of America, Inc. ("Defendant" or "Audi") for partial reconsideration of this Court's denial of summary judgment on Stoler's "Price Reduction" claim, or, in the alternative, for judgment on the pleadings on that claim.

## PRELIMINARY STATEMENT

Audi's Motion fails as a matter of law for three independent reasons. *First*, Audi seeks a second bite at the apple on its earlier motion for summary judgment, which was extensively briefed by the parties, considered and—as to the theory of relief attacked by this Motion— rejected by this Court. Audi does not point to any new facts or controlling law that justifies revisiting this Court's well-considered Memorandum Opinion and Order. Instead, Audi simply relies on the same, recycled arguments that it presented in its earlier briefing. Reconsideration is not warranted.

*Second*, even if the Court were to reevaluate its previous ruling, Audi's Motion would fail on the merits. Audi's entire motion is premised on the flawed theory that "after-the-fact" per-car incentives paid by Audi as a percentage of adjusted MSRP cannot reduce the price of a motor vehicle charged to a dealer under Dealer Act § 15-207(h)(3). But Audi's interpretation is deficient as a matter of law: the timing of the rebate, whether paid before or after the vehicle's purchase, does not control whether the incentive offered reduces the price charged to a dealer.

*Third*, as the Court has already found, there remain triable issues of fact as to whether Audi tracks Standards Bonus payments on a vehicle by vehicle basis. This cannot be resolved on the papers by rehashing the same arguments that this Court has already considered and rejected. Instead, Stoler will prove at trial that Audi tracks Standards Bonus payments on a vehicle by vehicle basis, which, *as a matter of fact*, reduces the price of the vehicle charged to a dealer.

Audi cannot save its Motion from these flaws by recasting it as an untimely request for relief under Rule 12(c). Whether considered under a reconsideration or 12(c) standard, Audi's Motion still fails as a matter of law and fact. Audi's Motion should be denied in its entirety.

## BACKGROUND

### A.     Relevant Factual Background

During all times relevant to this case, Audi has offered an incentive cash bonus to its eligible Maryland Dealers, known as a "Standards Bonus" payment. Mem. Op. (ECF No. 103) at 2. The Standards Bonus is paid as a percentage of Adjusted MSRP of each new car the dealer sells, which percentage varies depending on whether the dealer is classified as a "Universal," "Brand Dedicated," or "Exclusive" Audi dealer. *Id.* at 2-3.[1]

For years, Stoler qualified for Standards Bonus payments at the "Brand Dedicated" level, and therefore received payments from Audi worth 2.35% of adjusted MSRP. *Id.* at 3. In mid-January 2015, however, Audi reversed course and conditioned continued Standards Bonus payments in exchange for Stoler's agreement to construct an exclusive Audi facility. *See id.* at 4. As a result, Audi and Stoler entered into a "Facility Agreement," which required Stoler to begin construction on an exclusive Audi facility by December 31, 2015. *Id.* at 5. If Stoler did not begin construction of an exclusive facility by this date, the Facility Agreement provided that Audi would cease paying Stoler any Standards Bonus payments. *See id.*

Stoler did not begin construction by December 31, 2015. Mem. Op. at 5. As a result, Audi stopped paying Stoler <u>any</u> Standards Bonus payments on January 1, 2016. *Id.*

---

[1] Specifically, at all times relevant here, a "Universal" dealer was eligible to receive Standards Bonus payments worth 1% of adjusted MSRP for each new car sold; a "Brand Dedicated" dealer could get 2.35% of adjusted MSRP; and, an "Exclusive" Audi dealer could have qualified for a payment worth 3.75% of adjusted MSRP. Mem. Op. at 2-3.

### B.     Relevant Procedural History

Stoler filed suit against Audi, and asserted five statutory claims against Audi under Md. Code Ann., Transp. § 15-201 *et seq.* (the "Maryland Dealer Act") on the basis of, *inter alia*, Audi's unlawful withholding of Standards Bonus payments. *See* Am. Compl. (ECF No. 10). The parties filed cross motions for summary judgment (ECF Nos. 43 & 74). After the motions were "fully briefed and argued," the Court granted and denied them in part in its thorough Memorandum Opinion (ECF No. 103) and Order (ECF No. 104), both dated January 25, 2017.

Of particular relevance here, the Court denied summary judgment for Audi on Stoler's "Price Reduction Claim" under Dealer Act §§ 15-207(h)(3)(i)-(ii), finding a genuine dispute of fact whether "the Standards Bonus payments reduced the price of each vehicle sold to Stoler within the meaning of § 15-207(h)(3)." Mem. Op. at 19; *see also* Order at 2.[2] It also found a genuine dispute of material fact as to the amount of Stoler's alleged damages. Mem. Op. at 19.

Notwithstanding the fact that the cross motions for summary judgment were "fully briefed and argued" and "treated thoroughly" in the Court's Memorandum Opinion, Order at 1, Audi seeks reconsideration of the Court's denial of judgment on Stoler's Price Reduction Claim. *See* Audi Mot. (ECF No. 113). In its Motion, Audi does not identify any change in intervening law or facts since the Court's January 25 Order. Nor does it advance any legal arguments that have not been fully addressed in the parties' extensive summary judgment briefing to date. *See* P's Mem. in Supp. of P. Summ. J. (ECF. No. 45) at 9; Def.'s Opp. to Mot. for Summ. J. (ECF. No. 46) at 21-24; Pl.'s Reply Mot. for Summ. J. (ECF. No. 47); Pl's Supp. Briefing in Supp. of MSJ (ECF. No. 77) at 9-12.

---

[2] The Court also denied summary judgment on Stoler's Coercion claim under Dealer Act § 15-207(b) and Audi's affirmative defenses of unclean hands and *in pari delicto*.

## ARGUMENT

### I. Reconsideration Is Not Warranted

Audi is attempting to relitigate an issue that has been extensively briefed by the parties, considered and rejected by the Court. Audi asserts that reconsideration of the Court's Order is warranted because "[a]fter-the-fact bonus payments, which are paid on cars that the dealer sells, do not qualify" as a reduction in the "price of a motor vehicle charged to a dealer" under the Maryland Dealer Act. Audi Mem. at 2; *id.* at 3-8. But Audi advances the exact same, recycled arguments that it presented in its earlier summary judgment briefing to support the instant Motion. Because the Court has already carefully considered these arguments, Audi's Motion should be denied.

"[C]ourts generally do not depart from a prior interlocutory ruling unless '(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). Stated differently, "[a]bsent a significant change in the law or the facts since the original submission to the court, granting a motion for reconsideration is only appropriate where, for example, the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* (quoting *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997)). As this Court has noted, "[s]uch problems '*rarely arise and the motion to reconsider should be equally rare.*'" *TomTom, Inc. v. AOT Sys. GmbH*, 17 F. Supp. 3d 545, 546 (E.D. Va. 2014) (Ellis, J.) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*¸ 99 F.R.D. 99, 101 (E.D. Va. 1983)) (emphasis added). Importantly, a motion to reconsider should be

denied, "*if the moving party merely seeks to reargue a previous claim*." *Evans*, 148 F. Supp. 3d at 544 (quoting *Smithfield Foods, Inc.*, 969 F. Supp. at 977)) (emphasis added); *see also TomTom, Inc.*, 17 F. Supp. 3d at 546 ("Motions to reconsider asking a court to 'rethink what the Court had already thought through—rightly or wrongly' should not be granted."). Because Audi cannot satisfy this demanding standard, its Motion should be denied.

Audi advances the same tired, statutory interpretation arguments it has made throughout the litigation. In particular, Audi's claim—that post-sale rebates and incentives do not reduce the price charged to a dealer—is purportedly based on: (1) the Dealer Act's plain text (Audi Mem. at 4-6); (2) the Dealer Acts' structure (*id.* at 5-7); and (3) the fact that Maryland "already has an antitrust statute that addresses price discrimination" (*id.* at 7-8). These are the exact same legal arguments that Audi previously presented to the Court in its summary judgment briefing. *Compare* Audi Mem. at 4-8, *with* Audi Opp. to P. Mot. (ECF No. 46) at 22 ("*First*, Stoler's assumption ignores the plain language of the statute."), *and id.* at 23 ("*Second*, Stoler again ignores the structure of Section 15-207(h)."), *and id.* at 23 ("*Third*. . . . Maryland, like many other states, already has an antitrust statute that addresses price discrimination. . . ."). In fact, Audi simply repeats *word-for-word* at least one of its prior arguments here. *Compare* Audi Mem. at 6, *with* Opp. to P. Mot. for Summ. J. at 23.[3]

---

[3] Specifically, Audi asserts the following in the instant Motion:
> The General Assembly showed, in the specific context of Section 15-207's many subparagraphs, that it was perfectly capable of picking and choosing whether to regulate incentives, rebates, price reductions, generally available benefits, and so forth. Had the legislature intended to regulate incentives or rebates in Section 15-207(h)(3)—something that the legislature did in neighboring subparagraphs—it would have said so.

Reconsid. Mem. at 6 (internal citations omitted). Audi presented this exact same argument in its earlier papers:
> The General Assembly showed, in the specific context of Section 15-207(h)'s many subparagraphs, that it was perfectly capable of picking and choosing whether to regulate incentives, rebates, price reductions, generally available benefits, and so forth. Had the legislature intended to regulate incentives or rebates in Section 15-207(h)(3)—something that the legislature did in neighboring subparagraphs—it would have said so.

ECF No. 46 at 23.

5

Audi does not point to any new evidence or a change in controlling law since the entry of this Court's Order, or even suggest that the Court made an error of apprehension. Instead, Audi "simply flesh[es] out the same arguments [it] put forth in [its]earlier briefing. This does not suggest that reconsideration is warranted, but rather that the Defendant[] desire[s] a 'do-over' on [its] earlier Motion." *Evans*, 148 F. Supp. 3d at 546. This is not a proper basis for reconsideration of an interlocutory order. *See, e.g.*, *id.* (denying defendants' motion for reconsideration of interlocutory order where defendants sought a "do-over on their earlier Motion," by "merely attempt[ing] 'to put a finer point on [their] old arguments and dicker about matters decided adversely' to them" (quoting *Shanklin v. Seals*, No. 3:07cv319, 2010 WL 1781016, at *3 (E.D. Va. May 3, 2010))); *United States ex rel. Davis v. Prince*, No. 1:08CV1244, 2010 WL 9035947, at *1 (E.D. Va. Aug. 27, 2010) (Ellis, J.) (denying reconsideration of order granting leave to amend complaint where "defendants [did] not identify any change in the applicable law or pertinent facts since entry of the July 22, 2010 Order. Put simply, defendants disagree with the July 22, 2010 Order, and are asking for reconsideration of its reasoning and ultimate conclusion. This is not an appropriate basis for granting a motion to reconsider."); *TomTom, Inc.*, 17 F. Supp. 3d at 546 ("Motions to reconsider asking a court to 'rethink what the Court had already thought through—rightly or wrongly' should not be granted." (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983))); *Above the Belt, Inc.*, 99 F.R.D. at 101 (denying motion to reconsider where the party "simply reargued its previous argument[,]" noting that "[p]erhaps its new brief was better than its former brief but that is not significant"). Therefore, Audi's Motion should be denied.

## II. Audi Has Violated Maryland Dealer Act § 15-207(h)(3)

Even if the Court were to reconsider its prior decision, Audi's Motion fails on its merits. Audi's entire Motion is premised on the flawed theory that per-car incentives paid by Audi as a

6

percentage of adjusted MSRP cannot reduce the price of a motor vehicle within the meaning of Section 15-207(h)(3). But Audi's interpretation is not supported by law or record evidence. The Court should not reevaluate its well-considered Order, and Stoler's Motion should be denied.

### A. As a Matter of Law, Post-Sale Incentives or Rebates Reduce the Price Charged to a Dealer within the Meaning of the Maryland Dealer Act.

Audi speciously argues that the Price Reduction statute is limited to "only agreements that 'reduce the price of a motor vehicle charged to a dealer,' *i.e. , reduce the invoice price that the dealer pays for the vehicle when it purchases the vehicle at wholesale*." Audi Mem. at 2 (emphasis added). Not so.

Section 15-207(h)(3) of the Maryland Dealer Act states, in relevant part: "[a] manufacturer, distributor, or factory branch may not reduce the price of a motor vehicle charged to a dealer… in exchange for the dealer's agreement to: (i) [m]aintain an exclusive sales or service facility; [or] (ii) [b]uild or alter a sales or service facility. . . ." Md. Code Ann., Transp. §§ 15-207(h)(3)(i)-(ii). Noticeably absent from the quoted text is any reference to the terms "invoice" or "wholesale." In Maryland, courts "neither add nor delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute, and we do not construe a statute with 'forced or subtle interpretations' that limit or extend its application." *Lockshin v. Semsker*, 987 A.2d 18, 29 (Md. 2010). Thus, Audi's claim that the statute is limited to "agreements that change the actual, invoiced prices for new vehicle inventory[,]" or reductions in price that occur when the dealer purchases a vehicle at "wholesale," (Audi Mem. at 2, 5) is entirely unsupported.

Audi's proffered interpretation allows vehicle manufacturers and distributors to evade the statute's proscriptions based on the *timing* that Audi self-selects to pay the rebate. In other words, under Audi's reading of Section 15-207(h)(3), it is permitted to condition the receipt of bonus

7

monies on Maryland dealers' commitment to build or maintain exclusive facilities, so long as the rebates are <u>not</u> paid at the same time its dealers' purchase vehicles at wholesale. Such a result is absurd, defies common sense, and runs counter to Maryland's well-established cannons of statutory construction. As this Court observed, "[i]mportantly, Maryland law requires that the construction or interpretation of a statute not be 'unreasonable, illogical, or inconsistent with common sense.'" Mem. Op. at 8-9 (quoting *Stoddard v. State*, 395 Md. 653, 663 (2006)). The Court should reject Audi's attempt to evade the Maryland legislature's clear intent.

Indeed, there can be no serious dispute that per-car incentives paid as a percentage of the vehicles' actual MSRP reduce the price the dealer pays for the cars. If you go to a store and buy a new television listed at $1000 with a $200 manufacturer's rebate, that television will cost you $800 regardless of whether the rebate is processed at the register or by mail four-to-six weeks later. The rebate, whenever received, in fact "reduced" the price charged to you, and you chose to purchase the television knowing the net price was $800. The statute at issue can be and should be read harmoniously with this everyday concept. Audi charged Stoler a price for the motor vehicle on the invoice at the time of wholesale. Audi then *reduced* the price that was charged by paying back to Stoler a percentage of that car's MSRP. At the time of wholesale, Stoler expected Audi to pay that rebate in due course. Thus, Audi has "reduced" the price "charged" to Stoler for that motor vehicle through a rebate.

This concept—that timing is irrelevant—finds itself throughout price discrimination law, at both the state and federal level.[4] Price discrimination is prohibited regardless of the form that

---

[4] Any argument by Audi that § 15-207(h)(3) is not a price discrimination law should be rejected. The statute prevents manufacturers from giving preferred dealers (the ones who agree to go exclusive or to build a new facility) a better price than non-compliant dealers (those who refuse to do so). It is absurd to suggest that the Maryland legislature intended only to ensure uniformity in invoice prices and cared not what changes to the price occurred afterward.

8

it takes. *See Catalano Inc. v. Target Sales*, 446 U.S. 643, 648 (1980) (extending interest-free credit is equivalent to a discount on the purchase price equal to the value of the credit service); *Governor of Md. v. Exxon Corp.*, 279 Md. 410, 445-46 (1977) (discussing discriminatory effect on price by "voluntary allowances," which were simply rebates offered on "a portion of the otherwise uniform… wholesale price" paid by gasoline dealers); *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 534 (6th Cir. 2004) (Moore, C.J., concurring) ("In addition to 'direct' price discrimination, courts have held that § 2(a) also extends to 'indirect' price discrimination, where identical price structures are made disparate through, for example, the granting of rebates, the payment of shipping costs, or the provision of free goods." (collecting cases)). Volume discounts, one of the most common forms of price discrimination, are often paid after the sales have occurred and the volume can be measured. *See Standard Motor Prods., Inc. v. FTC*, 265 F.2d 674, 675-76 (2d Cir. 1959) (automotive parts manufacturer offering percentage rebates based on buyers total annual purchases constitutes illegal price discrimination); *Moog Indus., Inc. v. FTC*, 238 F.2d 43, 46 (8th Cir. 1956) (retroactive volume rebates unlawful).

Clearly, then, the timing of the rebate, whether at the time of or after the purchase, does not control whether the incentive offered "reduces" the price charged to a dealer. Indeed, Audi has previously lost this very argument on summary judgment regarding the same Margin and Bonus Program here, that pays as a percentage of MSRP after the fact. As an appellate court put it, "[c]ontrary to Audi's contention, it is not relevant that the discount was not offered at the time of purchase, since the rebates, although made at a later time, resulted in a lower actual price." *Audi of Smithtown, Inc. v. Volkswagen of Am., Inc.*, 100 A.D.3d 669, 671 (N.Y. App. Div. 2012). Accordingly, courts have found, in a variety of contexts, that such per-car bonuses or rebates result in "reducing the price" paid by the dealer for the vehicle, regardless of whether they are

paid at the time of wholesale or at a later date.[5] *See, e.g., id.* (New York appellate court affirming summary judgment in favor of Audi dealers that Audi bonuses paid on a per vehicle basis as a percentage of MSRP affects the wholesale price of each vehicle); *Mathew Enter., Inc. v. Chrysler Grp.* LLC, No. 13- cv-4236, 2014 WL 3418545 (N.D. Cal. July 11, 2014) (finding Chrysler's volume growth incentives paid on per-car basis could form basis of price discrimination allegations under Robinson-Patman Act); *Capital Ford Truck Sales, Inc. v. Ford Motor Co.*, 819 F. Supp. 1555, 1560, 1577 (N.D. Ga. 1992) (denying summary judgment for Ford in part, finding that additional "price assistance" program granted to dealers on a case-by-case basis for certain classes of sales—where after-the-fact appeal process was only available to certain dealers for certain sales—may have constituted price discrimination); *see also Danvers Motor Co., Inc.*, 543 F.3d 141, 148-49 (3d Cir. 2008) (addressing unsuitability of dispute for class resolution where some class members had price discrimination claims based upon Ford's post-sale incentive Blue Oval Program, and others were the beneficiaries of that price discrimination).

Therefore, as a matter of law, Audi violated § 15-207(h)(3)(i) by reducing the price paid by Stoler in exchange for Stoler's promise to maintain an exclusive sales or service facility. Audi's Motion should be denied.

### B. Stoler Will Prove at Trial that Audi Treated the Standards Bonus Payments as Reducing the Price of Vehicle.

In addition, Stoler has introduced record evidence showing that Audi internally treats the payment of Standards Bonus monies as reducing the wholesale price of a new car, even though those monies are paid *after* its sale. *See* Pl.'s Suppl. Mem. (ECF No. 77) at 9-12. The Court

---

[5] Indeed, the parties have already extensively briefed this issue. *See* Pl.'s Mem. in Supp. of P. Summ. J. (ECF No. 45) at 9; Def.'s Opp. to Mot. for Summ. J. (ECF No. 46) at 21-24; Pl.'s Reply Mem. in Supp. of MSJ (ECF No. 47) at 12-13; Pl.'s Supp. Mem. in Supp. of MSJ (ECF No. 77) at 9-12. As previously noted, because the parties have fully briefed this issue, reconsideration is not warranted. *See* Part I, *supra*.

therefore denied summary judgment for Audi on the Price Reduction claim, noting a "genuine factual dispute whether the Standards Bonus payments reduced the price of each vehicle sold to Stoler within the meaning of § 15-207(h)(3)." Mem. Op. at 19. The Court's denial of Audi's summary judgment motion should not be disturbed. At trial, Stoler will prove, through testimony from Audi's own employees and executives, and Audi's own business reports, that, *as a matter of fact*, Audi tracks Standards Bonus payments on a vehicle by vehicle basis. (*See* ECF No. 62-1, ¶ 27.) Stoler will also prove that Audi's representatives encouraged its dealers to reduce the margin between the invoice price and the sale price to consumers because the dealer will "make more money under the Margin and Bonus Program and the Standards Program in the back." (*Id.* at ¶ 21; *see also id.* at ¶¶ 20, 22-23.) This factual issue should be resolved at trial, not through a baseless reconsideration motion. Audi's Motion should be rejected.

### III.     Audi's Alternative Request for Judgment on the Pleadings Should Be Denied.

Audi's Motion fails under the Rule 12(c) motion standard as well. A Rule 12(c) motion presents a purely legal challenge, and is inappropriate to resolve disputed questions of fact. *See Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012) (applying Rule 12(b)(6) standard to Rule 12(c) motion, and noting that the motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'") (quotation omitted). For the reasons discussed *supra*, Audi's suggested interpretation of Section 15-207(h)(3) is unquestionably flawed, and therefore it is not entitled to judgment as a matter of law. And, in any event, there remain disputed factual issues suitable for trial, as the Court already found. Audi's Rule 12(c) Motion should be denied.

In addition, Audi's request for judgment on the pleadings is untimely. Indeed, Fed. R. Civ. P. 12(c) itself states that "[a]fter the pleadings are closed--***but early enough not to delay trial***--a party may move for judgment on the pleadings." (emphasis added). Here, the pleadings

closed *nearly seven months ago* when Stoler filed its Answer to Audi's counterclaim on August 8, 2016. *See* ECF No. 42. The Court has already delayed the pretrial conference to March 17, 2017 as a result of Audi's motion practice (which began with a meritless Rule 12(b)(1) motion). *See* ECF No. 111. Audi should not be permitted to delay the trial even further through an additional, and untimely, Rule 12 motion for judgment on the pleadings at this advanced stage of the litigation. Thus, Audi's alternative request for relief under Rule 12(c) should be denied.

## CONCLUSION

For the foregoing reasons, Audi's motion for reconsideration and, in the alternative, for judgment on the pleadings should be denied in its entirety.

Respectfully submitted,

DATED: March 10, 2017

*/s/ Barbara S. Wahl*
Barbara S. Wahl (VSB No. 24647)
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006
202.857.6000 (Phone)
202.857.6395 (Fax)
barbara.wahl@arentfox.com

*Counsel for Plaintiff Len Stoler, Inc.
d/b/a Len Stoler Audi*

Of Counsel:

Russell P. McRory (*pro hac vice*)
Michael P. McMahan (*pro hac vice*)
Arent Fox LLP
1675 Broadway
New York, NY 10019
Tel: (212) 484-3942
Fax: (212) 484-3990

13

## CERTIFICATE OF SERVICE

I, Barbara S. Wahl, hereby certify that on this 10th day of March, 2017, I served a true and correct copy of the foregoing by filing it electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Richard Mark Dare
Islerdare PC
1945 Old Gallows Road, Suite 650
Tysons Corner
Vienna, Virginia 22182
mdare@islerdare.com

James R. Vogler
Daniel R. Fine
Jack O. Snyder, Jr.
Emily L. Gesmundo
Barack Ferrazzano Kirschbaum & Nagelberg LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
Jim.volger@bfkn.com
Dan.fine@bfkn.com
Jack.snyder@bfkn.com
Emily.gesmundo@bfkn.com

/s/ Barbara S. Wahl
Barbara S. Wahl (VSB No. 24647)
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20006
202.857.6000 (Phone)
202.857.6395 (Fax)
barbara.wahl@arentfox.com

*Counsel for Plaintiff Len Stoler, Inc. d/b/a Len Stoler Audi*