**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| LEN STOLER, INC. d/b/a LEN STOLER AUDI,<br><br>Plaintiff,<br><br>*v*.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC.,<br><br>Defendant. | ) | Case No. 1:15-cv-1659-TSE/JFA |

---

**AUDI OF AMERICA'S REPLY IN SUPPORT OF ITS RULE 12(b)(1) PARTIAL MOTION TO DISMISS**

---


*Of Counsel*:

Richard Mark Dare (VSB No. 14146)
ISLERDARE PC
1945 Old Gallows Road, Suite 650
Tysons Corner
Vienna, Virginia 22182
T: (703) 748-2690

James R. Vogler (*pro hac vice*)
Daniel R. Fine (*pro hac vice*)
Jack O. Snyder (*pro hac vice*)
Emily L. Gesmundo (*pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
T: (312) 984-3100

*Counsel for Volkswagen Group of America d/b/a Audi of America, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. The Declaratory Relief Stoler Seeks Could Not Redress Its Alleged Injury. .......... 2

II. The Factual Importance of the Facility Agreement Does Not Create Standing. .......... 3

III. AoA's Affirmative Defenses Do Not Breathe the Elements of Standing Into Stoler's Coercion Claim. .......... 4

CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Bain*,
697 F.2d 1213 (4th Cir. 1982) ....................1

*Allen v. Wright*,
468 U.S. 737 (1984)....................3

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006)....................2, 4

*Eckstein v. Cullen*,
803 F. Supp. 1107 (E.D. Va. 1992) (Ellis, J.)....................3

*FDIC v. Morley*,
867 F.2d 1381 (11th Cir. 1989) ....................5

*Maryland Hosp. v. Foreman*,
29 Md. 524 (1868) ....................5

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016)....................1, 5

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)....................2

## INTRODUCTION

A plaintiff lacks Article III standing where it attempts to redress financial injury by suing only for declaratory relief. In this case: (a) Stoler contends that, because AoA allegedly coerced it into executing a Facility Agreement, Stoler lost incentive payments and franchise value; (b) the Facility Agreement is no longer operative; and (c) Stoler seeks only a declaration that the Facility Agreement is unenforceable. Because a declaration that the Facility Agreement is unenforceable could not redress the financial injuries that it identifies, Stoler lacks standing on its coercion claim. Therefore, the Court lacks jurisdiction over that claim.

Stoler's opposition to AoA's Rule 12(b)(1) motion disregards the pathmarking framework that applies to questions of standing—that it suffered injury-in-fact, the injury is fairly traceable to challenged conduct, and the injury is likely to be redressed by a favorable judicial decision. Instead, Stoler stresses throughout its brief that the Facility Agreement was factually important to the parties' overall dispute. And Stoler suggests that it has standing because certain of AoA's affirmative defenses are based on misrepresentations that Stoler made when it entered into the Facility Agreement. In Stoler's estimation, the prospect that its coercion claim could be used to negate one or more affirmative defenses creates standing. Not so.

Stoler's grasp of standing doctrine is deficient and, in all events, AoA's affirmative defenses do not depend on the validity of the Facility Agreement. Therefore, AoA's Rule 12(b)(1) motion to dismiss Stoler's coercion claim should be granted.

## ARGUMENT

To survive AoA's Rule 12(b)(1) Partial Motion to Dismiss, Stoler had the burden to prove that its coercion claim is not moot. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Stoler failed to carry its burden. Stoler did not and cannot show that, standing alone, its coercion claim continues to satisfy each element of

Article III standing. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (rejecting the notion that elements of standing can be stitched together using several claims and explaining that a plaintiff "must demonstrate standing for each claim he seeks to press.").

**I. The Declaratory Relief Stoler Seeks Could Not Redress Its Alleged Injury.**

On the second-to-last page of its opposition, Stoler articulates the injury that it contends it suffered from being coerced into signing the Facility Agreement. According to Stoler, its failure to perform under the agreement cost Stoler the ability to earn bonus payments, which in turn forced Stoler to sell its Audi dealership at a low price:

> As Stoler will prove at trial, Audi unlawfully coerced Stoler to sign the Facility Agreement by threatening to stop payment of the Standards Bonus. When Stoler was unable to complete construction[1] by December 31, 2015, Audi, based on the unlawfully coerced Facility Agreement, ***stopped paying the Standards Bonus, thus forcing Stoler to sell its Audi franchise quickly and at a fire sale price***.

(Stoler Br. at 5 (emphasis added).) That is, by Stoler's own reckoning the injury-in-fact from the coercion claim is a financial injury. That is the injury that must be redressable by a declaration of unenforceability for Stoler to have standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) ("Having found that none of the relief sought by [plaintiff] would likely remedy its alleged injury in fact, we must conclude that [plaintiff] lacks standing to maintain this suit . . . .").

Yet Stoler's conception of injury—that cutting off Standards Bonus monies caused Stoler to sell its dealership at a "fire sale" price—makes self-evident that invalidating the Facility Agreement could not possibly redress Stoler's injury. By characterizing its injury as lost bonuses or a reduced sale price (or both), Stoler has put this case on all fours with this Court's ruling in *Eckstein v. Cullen*, 803 F. Supp. 1107, 1119 (E.D. Va. 1992) (Ellis, J.), *aff'd sub nom. Eckstein v.*

---

[1] So in original. Should read "*begin* construction."

*Melson*, 18 F.3d 1181 (4th Cir. 1994), a case cited in AoA's opening brief. To briefly recapitulate, that case involved a plaintiff who, like Stoler, sought only declaratory relief. *See id.* But because the injury that the plaintiff allegedly suffered was lost sales, the Court ruled that the plaintiff lacked standing: "Her alleged injury, the loss of revenue from the sales of her sexually explicit magazines, cannot be redressed by a declaratory judgment concerning the obscene or non-obscene nature of the magazines at issue."). *Id.* Based on Stoler's own arguments, the *Eckstein* case is indistinguishable from this case.[2]

Therefore, Stoler's coercion claim should be dismissed for lack of standing.

## II. The Factual Importance of the Facility Agreement Does Not Create Standing.

At points in its brief, Stoler suggests that the factual importance of the Facility Agreement somehow confers standing as to Stoler's coercion claim. (*E.g.*, Stoler Br. at 1 ("[T]he parties' entire dispute . . . has revolved around the Facility Agreement."); *id.* at 2 ("[T]he Facility Agreement is inexorably entwined with the rest of Stoler's claims and Audi's defenses in this action.").) The factual importance of the Facility Agreement, however, has no bearing on the question of whether Stoler has standing to bring any given claim.

The Supreme Court has explicitly (and emphatically) rejected the argument that standing can be based on the mere factual connection between matters in dispute.

> Yet if [Plaintiffs'] . . . 'common nucleus' formulation announced a new definition of 'case' or 'controversy' for all Article III purposes, ***a federal court would be free to entertain moot or unripe claims***, or claims presenting a political question, if they 'derived from' the same 'operative fact[s]' as another federal claim suffering from

---

[2] Stoler's theory of the case also founders against the traceability requirement of standing. As Stoler itself argues, it was Stoler's failure to abide the terms of the Facility Agreement—not being coerced into that agreement—that caused its injuries. *See Allen v. Wright*, 468 U.S. 737, 752 (1984) (traceability requirement focuses on whether "the line of causation between the illegal conduct and injury [is] too attenuated").

> none of these defects. Plaintiffs' [argument] . . . therefore, ***would amount to a significant revision of the Court's precedent interpreting Article III***.

*DaimlerChrysler*, 547 U.S. at 335 (emphasis added). In other words, factual importance is simply not the test for standing. If it were the test, federal jurisdiction would surge over its carefully etched banks.

## III. AoA's Affirmative Defenses Do Not Breathe the Elements of Standing Into Stoler's Coercion Claim.

Stoler cannot avoid dismissal by pointing to the mere existence of certain affirmative defenses that AoA pled in its operative Answer. Stoler's precise argument on this score is difficult to make out, but Stoler appears to suggest that it has standing to bring its coercion claim because a successful voiding of the Facility Agreement would prevent AoA from interposing one or more of its affirmative defenses. This position suffers from at least the following flaws.

***First***, as set out in Part I, Stoler was required to show that the relief it seeks would redress the injury that Stoler suffered arising out of its coercion claim. This is bedrock standing doctrine and sets out the appropriate framework for analyzing whether Stoler has standing to maintain its coercion claim. Stoler has identified only lost sales and lost franchise value as injuries from its coercion claim. Declaring the Facility Agreement unenforceable (even if such a declaration were to negate AoA's defenses) would not redress the injury from the coercion claim, as basic principles of standing require. *E.g., DaimlerChrysler*, 547 U.S. at 335 (requiring that each element of standing be made out for each claim).

***Second***, AoA's affirmative defense that Stoler breached contractual obligations to AoA (*see* Stoler Br. at 2-3), simply has no application to any claim that is currently set to proceed to trial. AoA's material-breach affirmative defense relates only to Stoler's breach of contract claim—

a claim that Stoler has abandoned but which nonetheless appears in the operative version of Stoler's Complaint. (*See* Dkt. No. 10, Compl. at 16.)[3]

***Third***, Stoler fails to cite a single case that supports the position that the prospect of negating one or more of an adversary's affirmative defenses by itself creates standing to bring a claim. No such case exists. *See also FDIC v. Morley*, 867 F.2d 1381, 1387-89 (11th Cir. 1989) (holding that the loss of an affirmative defense is not a cognizable injury, fails the traceability requirement, and fails the redressability requirement). What is more, AoA's affirmative defenses of *in pari delicto* and unclean hands do not depend on the validity of the Facility Agreement. (*See* Dkt. No. 103 at 25 (*citing Shirks Motor Express Corp. v. Forster Transfer & Rigging Co.*, 214 Md. 18, 29 (1957)); *Maryland Hosp. v. Foreman*, 29 Md. 524, 531 (1868) (if parties to an illegal contract stand *in pari delicto*, the court will leave the parties as it found them).)

In other words, even if Stoler were correct that its ability to negate AoA's affirmative defenses were sufficient to confer standing, its argument would still fail. Declaring the Facility Agreement unenforceable would not negate AoA's affirmative defenses of unclean hands and *in pari delicto*. Litigating the coercion claim would thus have no effect on anyone's rights even if "effect on someone's rights" was the test for establishing standing. (*See* Stoler Br. at 2.) (It is not.)

* * *

The Supreme Court recently reminded courts and litigants that "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo*, 136 S. Ct. at 1547

---

[3] Stoler does not even attempt to argue that, as a pure legal matter, it would be possible to interpose a material breach defense in response to a claim that a party has breached the Maryland Transportation Code.

(brackets omitted). Stoler's coercion claim does not present a case or controversy within the meaning of Article III and, therefore, should be dismissed.

**CONCLUSION**

For the foregoing reasons, AoA's Rule 12(b)(1) Partial Motion to Dismiss should be granted. Stoler's Section 15-207(b) coercion claim should be dismissed for lack of jurisdiction.

Dated: March 13, 2017

Respectfully submitted,

/s/
James R. Vogler (*pro hac vice*)
Daniel R. Fine (*pro hac vice*)
Jack O. Snyder, Jr. (*pro hac vice*)
Emily L. Gesmundo (*pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
T: (312) 984-3100
F: (312) 984-3150
Jim.Vogler@bfkn.com
Dan.Fine@bfkn.com
Jack.Snyder@bfkn.com
Emily.Gesmundo@bfkn.com

/s/
Richard Mark Dare (VSB No. 14146)
ISLERDARE PC
1945 Old Gallows Road, Suite 650
Tysons Corner
Vienna, Virginia 22182
T: (703) 748-2690
F: (703) 748-2695
mdare@islerdare.com

*Counsel for Defendant Volkswagen Group of America d/b/a Audi of America, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2017, I served a true and accurate copy of the foregoing by filing it electronically with the Clerk of the Court using CM/ECF system, which will send a notification of such filing (NEF) to the following:

Barbara S. Wahl, Esq.
Arent Fox LLP
1717 K Street, N.W.
Washington, DC 20006
Barbara.wahl@arentfox.com

Russell P. McRory, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019
Russell.mcrory@arentfox.com

Sean Nicholas Clerget, Esq.
Arent Fox LLP
1717 K Street NW
Washington, DC 20036-5344
Sean.clerget@arentfox.com

/s/
R. Mark Dare, Va. Bar No. 14146
ISLER DARE PC
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
(703) 748-2690
(703) 748-2695 (fax)
mdare@islerdare.com
*Counsel for Defendant*
*Volkswagen Group of America, Inc.*
*d/b/a Audi of America, Inc.*