**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| LEN STOLER, INC. d/b/a LEN STOLER AUDI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:15-cv-1659-TSE/JFA ) ) |
| VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a AUDI OF AMERICA, INC., | ) ) ) |
| Defendant. | ) ) |

**REPLY IN SUPPORT OF AoA'S MOTION FOR PARTIAL RECONSIDERATION OR ALTERNATE RELIEF**

*Of Counsel*:

Richard Mark Dare (VSB No. 14146)
ISLERDARE PC
1945 Old Gallows Road, Suite 650
Tysons Corner
Vienna, Virginia  22182
T: (703) 748-2690

James R. Vogler (*pro hac vice*)
Michael S. Elvin (*pro hac vice*)
Daniel R. Fine (*pro hac vice*)
Jack O. Snyder (*pro hac vice*)
Emily L. Gesmundo (*pro hac vice*)
BARACK FERRAZZANO
 KIRSCHBAUM & NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
T: (312) 984-3100

*Counsel for Volkswagen Group of America d/b/a Audi of America, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

    I.    Stoler Fails Meaningfully to Respond to AoA's Statutory Interpretation Arguments. ................................................................................................................... 2

        A.    Stoler Ignores the Language and Structure of Section 15-207(h)(3). ............... 2

        B.    Stoler's Television Analogy Falls Flat and Lacks Relevance. ......................... 4

    II.    AoA's Motion for Reconsideration is Proper. ................................................................ 5

    III.    AoA's Request for Judgment on the Pleadings Is Proper and Timely. .......................... 5

CONCLUSION ....................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Gibson v. Gill-Lee Towing, Inc.*,
    894 F.2d 401, 1990 WL 2199 (4th Cir. 1990) ............................................................................6

*Krist Oil Co. v. Bernick's Pepsi-Cola of Duluth*,
    No. 04-C-187-C, 2005 WL 994550 (W.D. Wis. Apr. 28, 2015) ................................................4

*Lewis v. Philip Morris Inc.*,
    355 F.3d 515 (6th Cir. 2004) .....................................................................................................3

*TomTom, Inc. v. AOT Sys. GmbH*,
    17 F. Supp. 3d 545 (E.D. Va. 2014) .........................................................................................5

*Utah Pie Co. v. Continental Baking Co.*,
    386 U.S. 685 (1967) ..................................................................................................................3

**STATUTES**

Md. Code, Trans. § 15-207(h)(3) ......................................................................................... passim

**OTHER AUTHORITIES**

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE
    UNABRIDGED (Philip Babcock Gove, ed., 1993) .......................................................................3

## INTRODUCTION

Stoler's response brief does not engage the merits of AoA's arguments or authorities. As explained in AoA's opening brief, the language and structure of the Maryland Transportation Code demonstrates that Maryland's General Assembly did not intend to regulate bonus payments in Transportation Code § 15-207(h)(3). Such bonus payments may qualify—at most—as indirect price discrimination, which is simply not regulated by Section 15-207(h)(3). The Court should enforce the plain and ordinary meaning of the words that the legislature used in the statute, mindful of other code provisions that specifically regulate bonus payments (and rebates). Abiding by the plain language is also appropriate in light of Maryland's Commercial Law. The Commercial Law contains a price discrimination provision whose plain language reaches indirect forms of price discrimination. In other words, when it wishes to do so, the General Assembly knows how to regulate devices or programs that may have only an *indirect* effect on price. Section 15-207(h)(3) of the Transportation Code does not fit the bill.

Instead of attempting to construe Section 15-207(h)(3) by reference to canons of construction that Maryland's courts regularly deploy, Stoler dismisses AoA's arguments out-of-hand. The bulk of Stoler's merits argument comes in the form of a string cite on pages 9 through 10 of Stoler's opposition. But the cases that Stoler relies upon interpret statutes that are dissimilarly worded from Maryland's Transportation Code. Stoler's string-cite argumentation gives no reason to suppose that a Maryland court would abandon ordinary principles of statutory interpretation in favor of the cases that Stoler has cited.

Nor is it convincing—or compatible with the summary judgment record—to characterize the Standards Bonus as a mere "timing" device. Stoler likens the Standards Bonus to a rebate on the purchase of a television, but this characterization finds no support in the record. The

1

undisputed facts at summary judgment establish both that the Standards Bonus had to be earned and that earning the Standards Bonus was costly. In other words, because the Standards Bonus is not a mere timing device, the only way to determine its impact on price is through the lens of indirect price discrimination. But whether the Transportation Code regulates indirect price discrimination is the question of statutory interpretation that must be answered by the Court in the first place. That question should be answered in the negative.

The procedural obstacles to reconsideration that Stoler attempts to erect fare no better than Stoler's merits arguments. Because the Court has not yet ruled on AoA's arguments regarding the meaning of Section 15-207(h)(3), reconsideration is appropriate. And because AoA has set out a pure issue of law that is fully briefed and ripe for adjudication, resolving AoA's motion for relief under Federal Rule of Civil Procedure 12(c) will not delay a trial whose date has not yet been set by the Court.

In sum, applying the correct construction of Transportation Code § 15-207(h)(3), whether to the facts or the pleadings, demonstrates that Stoler is not entitled to relief. A trial on this claim is unnecessary, and judgment in favor of AoA should be granted.

## ARGUMENT

**I.     Stoler Fails Meaningfully to Respond to AoA's Statutory Interpretation Arguments.**

   **A.     Stoler Ignores the Language and Structure of Section 15-207(h)(3).**

In its Opening Brief, AoA explained that Section 15-207(h)(3) is not a general price discrimination statute governing devices that have an "effect" on prices, *i.e.,* indirect price discrimination. Specifically, the language and structure of Md. Code, Transp. § 15-207(h)(3), as compared with Maryland's antitrust statutes (which reside in its Commercial Law), show that Maryland's general assembly did not intend to import general price-discrimination principles into

Section 15-207(h)(3). (Opening Br. at 7-8). AoA made these arguments by reference to canons of construction that Maryland Courts regularly apply. (*Id.*)

Stoler makes no meaningful attempt to engage with AoA's authorities. While Stoler dismisses AoA's construction as "absurd" (Stoler Br. at 8 n.4), this conclusion is supported by nothing more than Stoler's say-so. There are good reasons why Maryland's General Assembly chose to regulate only direct price discrimination. In particular, price discrimination may further important competitive goals. *E.g., Utah Pie Co. v. Continental Baking Co.*, 386 U.S. 685, 702-03 (1967) (jury issue on whether price discrimination was procompetitive or anticompetitive). Specifically in the context of incentives that are linked to vehicle sales, such incentives may cause a dealer to work harder to sell more cars in order to earn the incentive. As a result, more cars are made available to the consuming public and competition may be spurred among car manufacturers. In contrast, direct price discrimination—here, a simple quid pro quo in which reduced prices are provided in exchange for an agreement to build an exclusive facility—might benefit only certain favored dealers without furthering broader economic or societal goals. For the General Assembly to have regulated only direct price discrimination in Section 15-207(h)(3) was not merely rational, but sensible.[1]

In the end, Stoler avoids the issue of statutory interpretation altogether and merely cites to cases dealing with statutes that are unlike Section 15-207(h)(3). (Stoler Br. at 9-10.) For example, Stoler cites to *Lewis v. Philip Morris Inc.,* 355 F.3d 515, 534 (6th Cir. 2004) (Moore, C.J.,

---

[1] Stoler also suggests that AoA has attempted to add the words "wholesale" and "invoice" into the statute (Stoler Br. at 7), but this argument does not get off the ground. "Wholesale" means "the sale of goods or commodities in quantity usu[ally] for resale (as by a retail merchant)." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 2611 (Philip Babcock Gove, ed., 1993) ("wholesale," superscript 1, def. 1). Stoler has agreed that, in selling vehicles to dealers at wholesale, AoA charges the same invoice price to all dealers. (JSUF ¶ 58.) Thus, AoA's use of the words "wholesale" and "invoice" do not drive AoA's interpretation of the statute—they merely reflect the reality of how the wholesale distributor in this case (AoA) sold cars to its former dealer (Stoler).

3

concurring), for the proposition that the Robinson-Patman Act applies to both direct and indirect price discrimination.

Stoler does not, however, offer any explanation why such cases should be read to interpret Section 15-207(h)(3) of the Maryland Transportation Code, which is dissimilarly worded from the provisions in the cases cited by Stoler. Its unadorned string cite does not support the proposition that the Court should abandon the principles of statutory interpretation that Maryland courts use in favor of the inapplicable authorities that Stoler sets out in its brief.

**B. Stoler's Television Analogy Falls Flat and Lacks Relevance.**

In its opposition, Stoler asserts that the Standards Bonus is merely a timing device that in fact reduces the price of Audi vehicles purchased from AoA. Without support in the record, Stoler likens the Standards Bonus to the sort of consumer rebate that might be mailed to a manufacturer following the purchase of a television. (Stoler Br. at 7-8.) But this analogy falls flat because the Standards Bonus cannot reasonably be compared to a television rebate. The analogy is simply not ready for primetime.

As the summary judgment record reflects, the Standards Bonus payments at issue are paid to the dealer only "on each qualifying sale of a new vehicle by that dealer." (Opening Br. at 8 (citing Dkt. No. 52, JSUF ¶¶ 7-8, 10, 58.) Indeed, Stoler does not dispute that it was "costly" for it to earn the Standards Bonus "in terms of both financial and human resources." (JSUF ¶ 30.) In light of these facts, Stoler's television analogy mis-describes what the Standards Bonus is and how it works.

Because a dealer must expend resources to earn the Standards Bonus, the way of analyzing its *impact* on price, if any, would be to net out the costs and the benefits of the bonus. *E.g., Krist Oil Co. v. Bernick's Pepsi-Cola of Duluth*, No. 04-C-187-C, 2005 WL 994550, at *4 (W.D. Wis.

Apr. 28, 2005) (plaintiff was not harmed under a state statute interpreted in accordance with federal law because it "was profiting more" from distributor's pricing scheme).

But that question, like the question of how AoA "treats" the bonuses on certain reports,[2] matters only if the Transportation Code in fact regulates indirect price discrimination. For the reasons set forth in AoA's opening brief, that question should be answered in the negative.

## II.     AoA's Motion for Reconsideration is Proper.

It is just and correct for the Court to reconsider its denial of summary judgment on the § 15-207(h)(3) Price Reduction Claim, because doing so would reach the correct result under the law. (Opening Br. at 3). In its opposition, Stoler contends that AoA is improperly trying to relitigate what the Court has already "thought through[.]" (Stoler Br. at 4-5, *quoting TomTom, Inc. v. AOT Sys. GmbH,* 17 F. Supp. 3d 545, 546 (E.D. Va. 2014) (Ellis, J.).) Not so.

Stoler's reliance on *TomTom* is misplaced. As AoA explained in its opening brief, the Court's Memorandum Opinion on the parties' cross-motions for summary judgment did not interpret the key phrase in Section 15-207(h)(3). (Opening Br. at 1). The facts here are therefore distinguishable from *TomTom* because, in that case, the Court had already construed key terms of a patent claim, yet was asked to reconsider those interpretations. *TomTom*, 17 F. Supp. 3d at 546. Here, AoA seeks a ruling, as to the meaning of a statute whose interpretation has not yet been adjudicated, but which AoA previously sought to have decided.

## III.    AoA's Request for Judgment on the Pleadings Is Proper and Timely.

Stoler makes two arguments against AoA's alternate request for relief under Rule 12(c). Stoler first contends that there are factual disputes "suitable for trial." (Stoler Br. at 11). For the

---

[2] *See* Stoler Br. at 10-11. Stoler has failed to cite record materials that support this assertion and failed even to file the materials it cites with the Court. But as explained in the text accompanying this footnote, the question is not pertinent to the issue of statutory interpretation before the Court.

5

reasons stated above and in the opening brief, such factual disputes are of no consequence once the correct interpretation of Section 15-207(h)(3) is adopted.

Second, Stoler contends that it is too late for AoA to request relief under Rule 12(c). (Stoler Br. at 11-12.) But as Stoler acknowledges, the rule permits a motion for judgment on the pleadings to be filed, so long as this is done early enough not to delay trial. AoA has filed this motion in time to be heard at the March 17, 2017 pretrial conference. Because AoA's motion turns on straightforward principles of statutory interpretation, resolving AoA's motion should not delay trial.

Third, applying the correct interpretation of Section 15-207(h)(3) will avoid an unnecessary trial or at a minimum, focus the presentation of evidence at trial on a settled interpretation of the statute rather than waiting until the jury instruction conference. *See Gibson v. Gill-Lee Towing, Inc.*, 894 F.2d 401 (table), 1990 WL 2199, at *2 (4th Cir. 1990) ("[T]here is an obligation on lawyers, too . . . to plan ahead, to give the judge at least some opportunity to reflect on requests and to accord to opposing counsel an opportunity to respond.") (citation and quotation marks omitted). There is no good reason to delay resolution of this important issue of statutory interpretation.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons stated in AoA's opening brief, AoA's Motion for Partial Reconsideration or Alternate Relief should be granted. The Court should enter judgment for AoA on Stoler's Price Reduction Claim.

Dated: March 15, 2017

Respectfully submitted,

/s/
Richard Mark Dare (VSB No. 14146)
ISLERDARE PC
1945 Old Gallows Road, Suite 650

6

Tysons Corner
Vienna, Virginia 22182
T: (703) 748-2690
F: (703) 748-2695
mdare@islerdare.com


　　　　　　/s/
James R. Vogler (*pro hac vice*)
Michael S. Elvin (*pro hac vice*)
Daniel R. Fine (*pro hac vice*)
Jack O. Snyder, Jr. *(pro hac vice)*
Emily L. Gesmundo (*pro hac vice*)
BARACK FERRAZZANO KIRSCHBAUM
　& NAGELBERG LLP
200 West Madison Street, Suite 3900
Chicago, Illinois 60606
T: (312) 984-3100
F: (312) 984-3150
Jim.Vogler@bfkn.com
Michael.Elvin@bfkn.com
Dan.Fine@bfkn.com
Jack.Snyder@bfkn.com
Emily.Gesmundo@bfkn.com


*Counsel for Defendant Volkswagen Group of America d/b/a Audi of America, Inc.*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of March, 2017, I served a true and accurate copy of the foregoing by filing it electronically with the Clerk of the Court using CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Barbara S. Wahl, Esq.
>Arent Fox LLP
>1717 K Street, N.W.
>Washington, DC  20006
>Barbara.wahl@arentfox.com
>
>Russell P. McRory, Esq.
>Arent Fox LLP
>1675 Broadway
>New York, NY 10019
>Russell.mcrory@arentfox.com
>
>Sean Nicholas Clerget, Esq.
>Arent Fox LLP
>1717 K Street NW
>Washington, DC 20036-5344
>sean.clerget@arentfox.com

>/s/
>R. Mark Dare, Va. Bar No. 14146
>ISLERDARE PC
>1945 Old Gallows Road, Suite 650
>Vienna, VA 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>mdare@islerdare.com
>*Counsel for Defendant*
>*Volkswagen Group of America, Inc.*
>*d/b/a Audi of America, Inc.*